**UNITED STATES of America,**
**Appellee,**

v.

**Eric WILTSHIRE, Defendant–**
**Appellant.**

**No. 07–4691–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 12, 2008.

Laurie S. Hershey, Manhasset, N.Y., for Defendant–Appellant.

Todd Blanche, Celeste L. Koeleveld, Assistant United States Attorneys, of counsel, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Eric Wiltshire appeals from a 57–month sentence imposed in the United States District Court for the Southern District of New York (Chin, *J.*), following his plea of guilty to illegal reentry after deportation for an aggravated felony. We assume the parties' familiarity with the facts and procedural history of the case.

Wiltshire argues that his sentence, which was at the bottom of the Guidelines range, was substantively unreasonable and violated the sentencing goals of 18 U.S.C. § 3553(a). "Substantive reasonableness review is akin to review for abuse of discretion," *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir.2008) (internal quotation marks and citation omitted), and "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006).

Wiltshire contends that the district court abused its discretion in refusing to impose a below-Guidelines sentence because (1) the age of his prior convictions overstated the seriousness of his criminal history, (2) the Guidelines range unreasonably double-counted his prior assault conviction, (3) his age and medical infirmity warranted leniency, and (4) the disparity with "fast-track" jurisdictions further warranted a below-Guidelines sentence. We disagree.

The district court carefully considered the age of Wiltshire's assault convictions and any "double-counting" based on his 1985 conviction, but it found that a lower sentence was not justified because of the seriousness of that offense—namely that the defendant had shot the victim twice. It further noted that Wiltshire's record contained not just one but three crimes of violence as well as several prior deporta-tions and concluded that, under these circumstances, a 16–level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was not "unfair." We hold that the district court did not abuse its discretion in determining that the defendant's criminal history was sufficiently serious to warrant a within-Guidelines sentence.

The district court also took into account Wiltshire's age and medical conditions when it stated, "I will, in light of your age and your health situation sentence you to the bottom of the [Guidelines] range." We will not second guess the weight that the district judge accorded to that mitigating factor. *See Fernandez*, 443 F.3d at 34.

Finally, we reject Wiltshire's argument that the district court abused its discretion in failing to acknowledge its authority to impose a below-Guidelines sentence based on the possible unwarranted disparity with "fast-track" districts. Because Wiltshire did not raise this argument in the district court, we review it for plain error, *see United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir.2007), and we find none here, *see Fernandez*, 443 F.3d at 30 ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors."); *see also United States v. Pereira*, 465 F.3d 515, 523 (2d Cir.2006) ("[T]he fact that the district court did not address disparity arising from fast-track programs—assuming arguendo that the silence in the record means that the district court did not consider it, and that the failure to do so was error—did not render Pereira's sentence unreasonable.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.