CORRECTED SUMMARY ORDER

Defendant-Appellant Domingo Suriel appeals from a judgment entered on December 20, 2006 after conviction by a jury on one count of conspiring to distribute and possess with intent to distribute 100 grams and more of heroin in violation of 21 U.S.C. § 846. Suriel was sentenced to 84 months’ imprisonment. On appeal, Suriel argues that: (1) the jury instruction was erroneous; (2) counsel was ineffective; (3) sentencing was flawed; and (4) a new trial is warranted in the interests of justice. We assume the parties’ familiarity with the facts, the procedural history, and the issues on appeal, and we affirm the judgment of the district court.
Suriel argues that the jury charge on his decision to testify was improper, and that the instruction on cooperator testimony was erroneous and unbalanced. We normally review challenges to jury instructions de novo, United States v. Ganim, 510 F.3d 134, 142 (2d Cir.2007), but where counsel fails to contemporaneously object, we review for plain error, United States v. Schultz, 333 F.3d 393, 413 (2d Cir.2003).
A. Suriel’s Decision to Testify. The jury was instructed that Suriel, who testified, (i) “has a deep personal interest in the outcome of the prosecution” which “creates a motive for false testimony”; (ii) that nevertheless, “simply because a person has a vital interest in the end result, [does not mean] he is not capable of telling a truthful and straightforward story”; and (in) that “[i]t is for you to decide to what extent, if at all, the defendant’s interest has affected his testimony .... ” Suriel argues that this instruction is improper under United States v. Gaines, 457 F.3d 238 (2d Cir.2006), and United States v. Brutus, 505 F.3d 80 (2d Cir.2007).
“A party who objects to any portion of the [jury] instructions ... must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate.” Fed.R.Crim.P. 30(d). “If an appellant, aggrieved by a district court’s jury instruction, failed to make such a particularized objection in the district court, we review the instruction only for plain error.” United States v. Weintraub, 273 F.3d 139, 145 (2d Cir.2001).
Suriel argues that he preserved his objection for appellate review; but the record shows that it was the government that objected to the charge, and that Suriel’s attorney affirmatively opposed the government’s objection (which would have cured the defect now complained of) and indicated that he had no objections to the charge. Under those circumstances, the “defense counsel not only did not seek the instruction that [he] now argues for, [but he] affirmatively accepted” the formulation issued by the district judge. Id. at 146. *139 The issue is not preserved and the instruction is reviewed for plain error.[1]
To demonstrate plain error, a defendant must show: “(1) error, (2) that is plain, and (3) that affect[s] substantial rights.” Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quotations omitted). “If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” Id. (quotations omitted). “In general, ‘[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.’ ” Weintraub, 273 F.3d at 145 (quoting Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977)).
Without deciding whether there is error that is plain, we conclude that Suriel cannot demonstrate any error affecting his substantial rights. “An error affects a defendant’s substantial rights if it is prejudicial and it affected the outcome of the district court proceedings.” United States v. Riggi, 541 F.3d 94, 102 (2d Cir.2008) (quotations omitted).
In this case, the error did not affect Suriel’s substantial rights because the government introduced overwhelming evidence of guilt, including wiretapped conversations and the testimony of two co-conspirators, Jose Duran and Troy Hollis. Duran testified that he and Suriel drove with drugs from New York to Baltimore, and sold drugs in Baltimore to Troy Hollis. Hollis confirmed these facts. Duran also testified about the use of code words in wiretapped conversations with Suriel. In one such conversation, the following exchange occurred:
DURAN: ... see if you can take out ... the girl ... from the closet.
SURIEL: ... the small photo?
DURAN: No, the big one. The big one.
SURIEL: The big one?
DURAN: Yes.
Duran explained that the word “photo” meant drug sample, and the phrase “girl in the closet” meant heroin hidden in the engine compartment of Suriel’s car. Sur-iel’s competing testimony — that the words referred to prostitutes and exotic dancers — strains credulity. He offers no explanation as to why the “girl” was in the closet, or why the conversation proceeded — nonsensically—from discussing the “girl” to addressing “big” and “small” photos. Given Suriel’s strained and fragmentary explanation, and the fact that the jury had ample other evidence of Suriel’s involvement in the conspiracy, we cannot say that the erroneous instruction regarding Suriel’s testimony affected his substantial rights or “the fairness, integrity, or public reputation of judicial proceedings.” The challenge to the instruction concerning Suriel’s testimony is rejected.
B. Cooperator Testimony. The instruction concerning cooperator testimony stated that the government “must take its witnesses as it finds them” and that “the government must frequently rely on testimony of witnesses who admit to participating in the alleged crimes .... ” That language was balanced by a reminder that “cooperating witness testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of the testimony to believe.”
*140 Suriel objects to the charge on the ground that it was unbalanced and erroneous because it “went to lengths” to explain and justify the government’s reliance on the testimony of criminal cooperators without explaining or justifying the need to scrutinize that testimony with special care. Suriel contends that this objection was preserved by a pre-charge letter to the district court requesting amendments to the government’s proposed charge, but we conclude that the objection was not preserved.[2]
“[A] request for an instruction before the jury retires does not preserve an objection to the instruction actually given by the court.... [and] a party who has requested an instruction that has not been given is not relieved of the requirement that he state distinctly his objection to the instruction that is given.” United States v. Crowley, 318 F.3d 401, 412 (2d Cir.2003) (quotations, citations and alteration omitted). “Accordingly, the mere fact that a defendant submitted his proposed language as part of a requested charge does not in itself preserve the point for appeal.” Id. at 413.
Suriel’s attorney requested changes to the government’s proposed cooperator instruction, but never objected to the instruction post-charge. Instead, after the instruction was issued and the judge solicited any objections from the parties, defense counsel affirmatively stated that he had no objections to the charge issued. Under those circumstances, the issue was not preserved for appeal and we review for plain error.
Without deciding whether there was error that was plain in the cooperator testimony charge, we conclude for the reasons already stated that Suriel’s substantial rights were not affected by the alleged defect in the instruction. Suriel’s objection to the cooperator testimony charge is rejected.
Suriel requests re-sentencing on the grounds that the district judge erred by: (1) imposing sentence prior to hearing from the defendant, and (2) denying him a two-level downward adjustment for having a minor role in the conspiracy.
A. Defendant’s Statement. The district judge announced an 84-month sentence without hearing from Suriel. However, immediately after, the judge stated: “Oh, my goodness. What is wrong with me? ... Mr. Suriel, before the sentence, if you have something to say, please say it.” Suriel proceeded to make a brief statement — primarily concerning his family — after which the judge said, “Well, Mr. Suriel, other than the point of the fact that you have attempted to be a good son, you haven’t added anything to what I know about you. And I think the sentence which I was in the process of imposing is going to be it. You have the right to appeal.”
We review sentences under an “abuse-of-discretion standard” for both procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). “A sentence is unreasonable if it is the product of a significant procedural error.” United States v. Gonzalez, 529 F.3d 94, 97 (2d Cir.2008) (quotations omitted). Significant procedural error can include a failure to comply with the Federal Rules of Criminal Procedure, which require that “[b]efore imposing sentence, the court must ... address the defendant personally in order to permit the defendant to speak or present *141 any information to mitigate the sentence ...Fed.R.Crim.P. 32(i)(4)(A)(ii). However, “where a judge omitted an opportunity for allocution but immediately recognized the lapse and offered the defendant the right of allocution, gave the defendant’s statement full consideration, and responded by giving reasons for his decision to adhere to the previously announced sentence,” Gonzalez, 529 F.3d at 97 (quotations and alterations omitted), re-sentencing is not required because “the sentence [was] only ‘announced’ without prior allocution but not ‘imposed’ until after allocution,” id.
Here, Judge Duffy immediately recognized that he had not heard from Suriel, allowed Suriel to allocute, and specifically explained why he would adhere to the announced sentence. Under those circumstances, re-sentencing is not required because the sentence was announced, but not imposed, until after allocution. See id.
B. Denial of Downward Adjustment. Suriel also assigns error to the district court’s denial of his request for a two-level downward adjustment for having only a minor role in the conspiracy. The sentence is again reviewed for reasonableness under an abuse-of-discretion standard. Gall, 128 S.Ct. at 597.
The court may, “[i]f the defendant was a minor participant in any criminal activity, decrease [the offense level] by 2 levels.” U.S.S.G. § 3B1.2(b). This allows for downward adjustment when a defendant “plays a part in committing the offense that makes him substantially less culpable than the average participant.” U.S.S.G. § 3B1.2, cmt. n. 3(A). The determination whether to apply the adjustment is “heavily dependent upon the facts of the particular case.... [and,] [a]s with any other factual issue, the court ... is not required to find, based solely on the defendant’s bare assertion, that such a role adjustment is warranted.” U.S.S.G. § 3B1.2, cmt. n. 3(C). The defendant bears the burden of demonstrating his entitlement to the reduction, and the adjustment “will not be available simply because the defendant played a lesser role than his co-conspirators.” United States v. Carpenter, 252 F.3d 230, 235 (2d Cir.2001) (quotations omitted).
We see no abuse of discretion. Suriel may not have played as large a role in the heroin conspiracy as either Duran or Hollis, but his function was undoubtedly central to the success of the conspiracy. Suriel concealed drugs in his car and transported drugs and money to and from Baltimore; he took Duran to various meetings about the narcotics business; and he served as an interpreter between Duran and Hollis in order to effectuate drug deals. Under those circumstances, Suriel’s argument that Duran’s and Hollis’s roles in the conspiracy were larger and more important does not entitle him to the adjustment. There was no error with respect to the denial of Suriel’s request for a downward, minor-role adjustment.
Suriel argues that a new trial is warranted under Rule 33 of the Federal Rules of Criminal Procedure because: (1) the verdict obtained in the initial trial was against the weight of the evidence, and/or (2) his defense attorney’s failure to seek suppression of wiretap evidence constituted ineffective assistance of counsel. Both arguments fail.
Suriel filed two Rule 33 motions: (1) on January 8, 2007, a counseled Rule 33 motion arguing that the testimony of the cooperating witnesses was so incredible and inherently untrustworthy that it could not support Suriel’s conviction; and (2) on January 28, 2007, a pro se Rule 33 motion requesting a new trial due to ineffective *142 assistance of his trial counsel. The district court denied both motions.
Rule 33 permits a court, upon defendant’s motion, to vacate a judgment and order a new trial “if the interest of justice so requires.” Fed.R.Crim.P. 33(a). However, “the standard for granting such a motion is strict,” United States v. Gambino, 59 F.3d 353, 364 (2d Cir.1995), and the “ ‘ultimate test’ is ‘whether letting a guilty verdict stand would be a manifest injustice .... There must be a real concern that an innocent person may have been convicted.’ ” United States v. Canova, 412 F.3d 331, 349 (2d Cir.2005) (quoting United States v. Ferguson, 246 F.3d 129, 133 (2d Cir.2001)). We review a denial of a Rule 33 motion for abuse of discretion, United States v. Rivas, 377 F.3d 195, 199 (2d Cir.2004), and factual findings concerning the motion for clear error, United States v. Imran, 964 F.2d 1313, 1318 (2d Cir.1992).
A. Weight of the Evidence. Suriel’s first Rule 33 motion alleged insufficiency because the cooperators’ testimony was inherently unreliable. In substance, the motion attacked the credibility of the cooperators’ testimony. However, credibility determinations fall squarely within the jury’s province: “[w]e will not attempt to second-guess a jury’s credibility determination on a sufficiency challenge.” United States v. Florez, 447 F.3d 145, 156 (2d Cir.2006). Accordingly, we reject the request for a new trial on this ground.
B. Ineffective Assistance. Suriel’s second Rule 33 motion (filed pro se) alleges ineffective assistance of counsel. The motion was properly denied as untimely; it was filed after the extended deadline to file post-trial motions had expired.[3] In any event, the Supreme Court prefers that ineffective assistance claims be raised in the first instance on habeas motions at the district court, not on direct appeal. Massaro v. United States, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (“[The district court is] the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.”). Accordingly, we decline to order a new trial based on Suriel’s Rule 33 motions.
We have considered defendant’s remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

. The government argues that Suriel waived his objection by affirmatively agreeing with the court’s instruction. We need not consider that issue because we conclude that Suriel has not established plain error.

. Suriel never submitted his own request to charge; instead, the government submitted a proposed charge and Suriel's attorney sub-milted a letter requesting line-numbered amendments to the government's proposal.

. Rule 33 generally allows a party seven days following a verdict to move for a new trial. The verdict here was delivered on December 20, 2006, and the 7-day deadline would have expired on or about December 27, 2006. The Judge extended the deadline until January 10, 2007, but Suriel’s pro se motion was not filed until January 28, 2007.