08-3581-cr
*United States v. Gutierrez*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: January 29, 2009                           Decided: February 11, 2009)

Docket No. 08-3581-cr

UNITED STATES OF AMERICA,

    *Appellee*,

    v.

LUIS GUTIERREZ,

    *Defendant-Appellant.*

Before: CABRANES, SOTOMAYOR, *Circuit Judges*, and RAKOFF, *District Judge*.[*]

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert L. Carter, *Judge*), convicting defendant Luis Gutierrez, after a jury trial, of one count of possession of counterfeit checks, in violation of 18 U.S.C. § 513, and one count of bank fraud, in violation of 18 U.S.C. § 1344. After the District Court announced sentence, defense counsel objected that he had not been permitted to argue before the District Court, as required by Rule 32 of the Federal Rules of Criminal Procedure. Where, as here, the district court vacates the original sentence, hears argument from defense counsel, and then imposes sentence, the requirements of Rule 32 are satisfied.

Affirmed.

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

EDWARD S. ZAS, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant.*

NICHOLAS J. LEWIN, Assistant United States Attorney (Acting United States Attorney Lev L. Dassin, and Assistant United States Attorney Daniel A. Braun, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY, *for Appellee.*

JOSÉ A. CABRANES, *Circuit Judge*:

We consider whether a sentencing court's decision to vacate its original sentence because defense counsel had not been afforded an opportunity to argue for a lesser sentence—as required by Rule 32 of the Federal Rules of Criminal Procedure—and the court's subsequent decision to adhere to the original sentence after hearing arguments from both sides, renders the sentence imposed procedurally unreasonable. *See* Fed. R. Crim. P. 32(i)(4)(A)(i) ("Before imposing sentence, the court must: (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf . . . ."). We have previously considered a similar question arising from a defendant's personal allocution under Rule 32, *see* Fed. R. Crim. P. 32(i)(4)(ii) ("Before imposing sentence, the court must: (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence . . . ."), but we have not addressed the appropriate remedy when defense counsel has been denied the opportunity to argue on the defendant's behalf prior to the imposition of a sentence. We now hold that, when a district court fails to provide defense counsel an opportunity to present argument prior to the imposition of sentence, notices the error, vacates the sentence, hears argument from counsel, and then imposes sentence, the requirements of Rule 32 are satisfied.

## BACKGROUND

Defendant Luis Gutierrez appeals from a judgment of the United States District Court for the Southern District of New York (Robert L. Carter, *Judge*), convicting him, after a jury trial, of one count

of possession of counterfeit checks, in violation of 18 U.S.C. § 513, and one count of bank fraud, in violation of 18 U.S.C. § 1344. The evidence produced at trial showed that in December 2004, defendant approached an acquaintance at a gas station in Yonkers, New York, with a plan to sell fraudulent checks. Unbeknownst to defendant, the acquaintance was secretly working as a confidential informant to the Federal Bureau of Investigation ("FBI") in an unrelated investigation. The FBI agents then directed defendant's acquaintance to make several purchases of counterfeit or stolen checks from defendant for half their face values. The meetings between defendant and the cooperating witness were covertly recorded by the FBI, who heard defendant propose other schemes involving phony checks that would net over a million dollars in funds. Defendant ultimately sold the cooperating witness approximately $136,073 in fraudulent checks.

Following a verdict of guilty, the United States Probation Office prepared a Pre-Sentence Investigation Report ("PSR") that calculated a base offense level of seven, which was increased by ten levels according to the loss amount ($136,073), and a criminal history category of one. Based on these factors, the recommended prison term under the United States Sentencing Guidelines ("Guidelines") was twenty-four to thirty months' imprisonment. Defendant submitted a sentencing memorandum that did not challenge the Guidelines calculation; he argued instead that a non-Guidelines sentence of time served, about seven months, was appropriate for five reasons. First, defendant argued that his personal history and characteristics—that he was a "family man," was gainfully employed, and had no prior record—weighed in favor of a lighter sentence. Appellant's App. at 14. Second, defendant argued that his conduct "was the product of a sting, [and so] there was no actual loss to a victim, and there was no possibility of any loss." *Id.* at 15. Third, defendant posited that in light of the fact that he lacked a criminal record, a sentence of time served would be "sufficient to deter him from future crimes." *Id.* Fourth, defendant argued that he had been subjected to "imperfect entrapment" by the

3

government. *Id.* at 16.  Fifth and finally, defendant argued that there was a sentencing disparity between himself and the cooperating witness, who, defendant alleged, had "committed numerous financial crimes" of his own. *Id.* at 17.

The government did not dispute defendant's personal history, but responded to the "actual loss" argument that the Guidelines encompass loss amounts attributable to sting operations, citing U.S.S.G. § 2B1.1, comment 3(A)(iii) and *United States v. Ravelo*, 370 F.3d 266, 270 (2d Cir. 2004).  The government responded to defendant's imperfect entrapment argument by pointing out that defendant initiated contact with the cooperating witness regarding the fraudulent check scheme.  Additionally, the loss amount was appropriate, according to the government, because the cooperating witness had purchased checks with smaller face values than some of the checks offered by defendant.  Finally, the government argued that the sentences for defendant and the cooperating witness did not create a "truly unwarranted sentencing disparity" under the specific circumstances of the case.  Appellant's App. at 26.

At a sentencing hearing on June 25, 2008, the District Court asked defendant whether he had received and reviewed the PSR, which he stated he had, and whether he had any objections, which he and defense counsel stated they did not.  The District Court then gave defendant an opportunity to address the Court, and defendant offered a brief apology.  The District Court then adopted the findings and Guidelines calculations in the PSR and sentenced Gutierrez principally to twenty-four months on each count of the indictment, to run concurrently.  The Court also stated on the record that "[t]he sentence was reached through all the considerations and factors identified in 18 U.S.C., Section 3553(a), including the nature and circumstances of [defendant's] offense and the need for the sentence to be imposed to reflect the seriousness of the offense, . . . deter[ ] . . . criminal conduct, . . . protect the public from further crimes and provide [defendant], hopefully, with needed education while [he is] imprisoned . . . ." *Id.* at 31-32.

4

Defense counsel objected to the sentence on two grounds; he argued that: (1) the District Court had not adequately considered defendant's sentencing memorandum, and (2) the District Court imposed a sentence without first hearing from defense counsel. The government responded that defense counsel could still be heard because the sentence had not been entered formally, but defense counsel argued it was "pointless" to speak unless the Court would "vacate" the sentence. *Id.* at 33. The District Court acknowledged that there had been a "misunderstanding," vacated its sentence, and permitted defense counsel to speak on behalf of defendant. Defense counsel proceeded to restate the same arguments presented in his sentencing memorandum. In particular, defense counsel stressed the "heavy hand" of the government in determining the loss amount and that the government had "imperfect[ly] entrap[ped]" defendant. *Id.* at 36.

After defense counsel addressed the District Court, the government gave a brief response. At the close of the government's argument, defense counsel offered the following rebuttal:

> Your Honor, my only answer . . . is that the government and Probation think the [G]uidelines' sentence is the right one is completely meaningless. The government has no credibility on that point at all because they stand up in every case and say that the [G]uidelines' sentence is the right one, even though in most cases, including this one, the [G]uidelines' sentence is the wrong one, and it is the same with the Probation Department.

*Id.* at 39-40. The District Court responded, "[N]obody is right except you, Mr. Statsinger . . . . I have to have some respect for the people who are working here, and I don't want to hear [any] more from you, I've heard you, and you are now quiet." *Id.* at 40. The Court then reinstated the prior sentence.

On appeal, Gutierrez argues that his sentence is procedurally unreasonable because the District Court did not provide defense counsel a meaningful opportunity to speak before imposing a sentence, in violation of Rule 32 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 32(i)(4)(A)(i). In addition, Gutierrez argues that a sentence of twenty-four months' imprisonment was procedurally unreasonable because the District Court did not adequately consider the sentencing factors in 18 U.S.C.

5

§ 3353(a), provide sufficient reasons for imposing a sentence of twenty-four months' imprisonment, or address defendant's specific arguments for a non-Guidelines sentence. We address each of these arguments below.

## DISCUSSION

### A. Standard of Review

Following *United States v. Booker*, 543 U.S. 220 (2005), a district court has the broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence." *United States v. Sanchez*, 517 F.3d 651, 660 (2d Cir. 2008). Our role is limited to examining a sentence for procedural and substantive reasonableness, which is akin to review under an abuse-of-discretion standard. *See id.*; *see also Gall v. United States*, 128 S. Ct. 586, 591 (2007) (holding that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard"); *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)). However, "[w]here . . . a defendant has failed to object to an alleged sentencing impropriety on the record in the district court, we review for plain error, requiring the defendant to establish (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Fuller*, 426 F.3d 556, 563 (2d Cir. 2005) (internal citation and quotation marks omitted). "An error is 'plain' if it is 'clear' or 'obvious' at the time of appellate consideration." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (*en banc*) (internal citation omitted).

**B.  Rule 32**

There is no question that, as the District Court observed at the sentencing hearing, a defendant is "entitled" to have his counsel address a sentencing court. *See* Fed. R. Crim. P. 32(i)(4)(A)(i) ("Before imposing sentence, the court *must*: (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf . . . ." (emphasis added)); *see also United States v. Sisti*, 91 F.3d 305, 310 (2d Cir. 1996) ("The notice requirement of Rule 32 directs that, before imposing sentence, a sentencing court must . . . afford the defense counsel an opportunity to speak on behalf of the defendant . . . ."). We are confronted with the rare case where, owing to a "misunderstanding," a district court inadvertently skipped the defense attorney's opportunity to speak at a sentencing hearing. The question before us is whether the remedy fashioned by the District Court—vacating the sentence, beginning argument among the attorneys anew, and the resentencing the defendant—was sufficient to satisfy the requirements of Rule 32.

We have previously held that "[r]esentencing is required if a district court fails to afford a *defendant* the opportunity to address the court prior to imposing [a] sentence." *United States v. Axelrod*, 48 F.3d 72, 72-73 (2d Cir. 1995) (emphasis added). Nonetheless, where "an inadvertent and harmless mistake made in the course of a sentencing hearing" was "promptly corrected" by the sentencing court, we have excused the initial omission of a defendant's personal allocution because there was no "denial of justice." *United States v. Margiotti*, 85 F.3d 100, 103 (2d Cir. 1996); *see also United States v. Gonzalez*, 529 F.3d 94, 97-98 (2d Cir. 2008) ("[W]e believe that the preferable course for remedying a denial of presentence allocution is to vacate the sentence, accord the right of allocution, and sentence anew."). Though our opinions have addressed a defendant's right of personal allocution, pursuant to Fed. R. Crim. P. 32(i)(4)(A)(ii), we have not addressed a defendant's right to have an attorney address the sentencing court on the defendant's behalf, pursuant to Fed. R. Crim P. 32(i)(4)(A)(i). *See, e.g., Gonzalez*,

7

529 F.3d at 97 (commenting on a defendant's "right . . . to address the sentencing judge before the imposition of sentence); *Margiotti*, 85 F.3d at 103 (same).

As we have previously observed, defense counsel, like the defendant himself, plays an important role in ensuring that the information on which defendant is sentenced is accurate and reliable, and that a sentencing court's use of that information comports with settled law. *See, e.g.*, *United States v. Cole*, 496 F.3d 188, 193 (2d Cir. 2007) ("Rule 32 in general—and subdivisions (f) and (i) in particular—is intended to provide efficient and focused[ ] *adversarial* resolution of the legal and factual issues to ensure that a defendant is not sentenced on the basis of materially untrue statements or misinformation." (internal quotation marks and alterations omitted) (emphasis added)). Because defendant's personal allocution and defense counsel's argument on the defendant's behalf serve essentially the same purpose at a sentencing hearing—ensuring that the information before the sentencing court is accurate—the same standards should govern the omission of allowing either to speak.

In this case, defense counsel alerted the District Court that he had not been heard prior to the Court's imposition of a sentence. The District Court quickly and conscientiously acknowledged the "misunderstanding," vacated the prior sentence, and permitted defense counsel to make an argument. *See Gonzalez*, 529 F.3d at 97-98 ("[W]e believe that the preferable course for remedying a denial of presentence allocution is to vacate the sentence, accord the right of allocution, and sentence anew."). Because the actions of the District Court complied with the requirements of Rule 32, we reject defendant's argument that the District Court failed to remedy its initial failure to afford defense counsel an opportunity to argue on behalf of defendant.

Gutierrez further argues that the District Court's remedy was inadequate because defense counsel was denied a "meaningful" opportunity to speak in light of the Court's prior, albeit vacated,

8

sentence within the recommended Guidelines range.  Appellant's Br. at 15.  We agree that a defense counsel's opportunity to argue at a sentencing hearing—like a defendant's opportunity to address the sentencing court—must be meaningful.  *See United States v. Feng Li*, 115 F.3d 125, 133 (2d Cir. 1997) ("[T]he sentencing judge's compliance with [Rule 32] must not be merely in form, nor may it reduce the hearing on sentence to a meaningless formality.  Instead the Rule demands that each defendant be allowed a meaningful right to express relevant mitigating information before an attentive and receptive district judge." (internal citations and quotation marks omitted)).  Looking once again to the standards that apply to a defendant's personal allocution, we have considered whether a sentencing court not only provided a prompt opportunity for an allocution, but also "gave the defendant's statements full consideration, and responded by giving reasons for his decision to adhere to the previously announced sentence." *Gonzalez*, 529 F.3d at 97 (internal quotation marks and alteration omitted).  We will apply the same standards to a defense counsel's opportunity to argue on the defendant's behalf.

The record before us shows that, after promptly vacating the sentence and allowing defense counsel to make his argument in favor of a non-Guidelines sentence, the District Court heard the opposing views of the government and a rebuttal from defense counsel.  Defense counsel's opening argument repeated in substance the arguments made in his sentencing memorandum.  Indeed, the only new "argument" from defense counsel came during his rebuttal, when he attacked the government's credibility and argued that the Guidelines yielded the "wrong" sentence "in most cases, including this one." Appellant's App. at 39-40.  To the extent that defense counsel offered a new argument, the District Court explained that a blanket attack on the government's credibility and the general utility of the Guidelines was unpersuasive.  Accordingly, we reject defendant's argument that his counsel was not provided a meaningful opportunity to speak prior to the imposition of sentence, and we conclude that the District Court complied fully with its obligations under Rule 32 in this case.

**C.      Remaining Arguments**

Gutierrez's remaining arguments are easily resolved by well-established precedent within this Circuit. The District Court specifically cited the sentencing factors in 18 U.S.C. § 3353(a) and explicitly mentioned several of them in imposing the sentence. We therefore reject defendant's argument that the District Court did not provide "sufficient reasons" for imposing a sentence of twenty-four months' imprisonment and did not specifically address defendant's arguments before imposing a sentence. Although the government contends that these arguments were not preserved below and are therefore subject to "plain error" review, we conclude that there was no error—much less "plain error"—in the District Court's explanation of the sentence. *See United States v. Cavera*, 550 F.3d __, No. 05-4591-cr, 2008 U.S. App. LEXIS 24714, at *30 (2d Cir. Dec. 4, 2008) (*en banc*) (explaining that, post-*Booker*, "a brief statement of reasons will generally suffice where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge" (internal quotation marks omitted)); *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced.").

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the District Court.