SUMMARY ORDER

Alonzo T. Gregory appeals from a December 22, 2008, 2008 WL 5391938, order of the United States District Court for the District of Connecticut (Burns, J.), which denied Gregory’s July 8, 2008 motion in which he moved for a reduction of his 262-month sentence under 18 U.S.C. § 3582(c). He requested a hearing on his motion— presumably meaning an oral hearing, given that he had the opportunity to present his contentions in writing. The district court, without affording Gregory an oral hearing, determined that his record “indicates the need to protect the public from [his] further crimes,” and therefore denied his motion. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.

I. Background

After pleading guilty on December 3, 1996 to a one-count indictment, Gregory was sentenced on November 14, 1997 to a term of 262 months of imprisonment for possession with intent to distribute and distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). The court determined that Gregory had a criminal history category of VI given, inter alia, his membership in a street gang and 13 prior criminal convictions for various offenses, including burglary, larceny, weapons charges, assault, robbery, forgery, and breach of the peace. There were also state charges pending against Gregory at the time, including multiple drug charges, aggravated unlicensed operation of a vehicle, and criminal use of a firearm. The court calculated Gregory’s base offense level to be 34, which, with his criminal history category of VI, yielded a Guidelines-recommended sentencing range of 262 to 327 months. Thus, Gregory’s original sentence of 262 months was at the bottom of the then-effective range for crack cocaine offenses.
Bureau of Prisons records indicate that while incarcerated in July 2000, Gregory was involved in a fight with another inmate, resulting in 25 days of disciplinary segregation. The records also report that in July 2002, Gregory was again involved in a fight with another inmate. The records indicate that in May 2006, while still imprisoned, Gregory was involved in yet another assault incident that resulted in serious injury.

II. Applicable Law

Generally, a district court may not modify a term of imprisonment once it has been imposed. See Poindexter v. United States, 556 F.3d 87, 89 (2d Cir.2009) (“A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582.”); Cortorreal v. United States, 486 *538 F.3d 742, 744 (2d Cir.2007). A limited exception to this rule is embodied in 18 U.S.C. § 3582(c)(2), which provides that a district court may modify a sentence after it has been imposed
in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(2).
Section 1B1.10(a) of the Sentencing Guidelines, entitled “Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement),” provides that “[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual ... the court may reduce the defendant’s term of imprisonment as provided by 18 U'.S.C. [§ ] 3582(c)(2).” U.S.S.G. § lB1.10(a). The Application Notes and Commentary to this Section state that a court faced with a motion for reduction of sentence under § 3582(c)(2) may consider, in addition to the factors in 18 U.S.C. § 3553(a), “the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant’s term of imprisonment” and the “post-sentenc[e] conduct of the defendant that occurred after imposition of the original term of imprisonment.” U.S.S.G. § 1B1.10 Application Notes (l)(B)(i).
Effective November 7, 2007, the Sentencing Commission reduced by two levels the offense levels applicable to crack cocaine offenses. U.S.S.G. Supp. to App. C., Amend. 706; see also United States v. Borden, 564 F.3d 100, 102 (2d Cir.2009). On December 11, 2007, the Commission voted to apply the amended Guidelines retroactively, effective March 3, 2008. U.S.S.G. Supp. to App. C, Amend. 713. Thus, as both parties agree, Gregory’s sentencing range has been reduced, making him potentially eligible for a reduction of his sentence as provided by 18 U.S.C. § 3582(c)(2).
We review a district court’s ruling on a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion. Borden, 564 F.3d at 104 (joining sister circuits in adopting the abuse-of~discretion standard of review for this Court’s review of motions made pursuant to § 3582(c)(2)).

III. Analysis

As required by 18 U.S.C. § 3582(c)(2), the district court judge appropriately considered the factors in 18 U.S.C. § 3553(a) and the Commentary to U.S.S.G. § 1B1.10 in denying Gregory’s motion for a reduction of his sentence. She noted that Gregory has a lengthy criminal history and that Bureau of Prisons records indicate that he has been involved in violent altercations while incarcerated. Based on this, she found a need to protect the public from further crimes and, after noting that his sentence is at the top of the now-current Guidelines range, she declined to reduce Gregory’s sentence.
Gregory argues that had he been given opportunity for an oral hearing, he would have “taken issue with the allegations” regarding his conduct while imprisoned. Moreover, he asserts that, at a hearing, he may have been able to “convince the court that his exemplary behavior in other ar *539 eas” would mitigate some of this conduct. Finally, while Gregory acknowledges that the district judge may take into account his post-conviction conduct when ruling on a § 3582(c)(2) motion, he argues that since the government’s brief in opposition to his motion referenced his post-conviction conduct only generally, he was not given a chance to respond to the specific conduct that factored into the district court’s determination. In this regard, Gregory contends that the failure to afford a hearing violated his due process rights.
Gregory’s arguments are unavailing. Section 1B1.10 makes clear that “proceedings under 18 U.S.C. [§ ] 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.” U.S.S.G. § lB1.10(a)(3). A court’s resolution of a motion for sentence reduction need not constitute a full-blown resentencing procedure; otherwise, the adjudication of the motion would be the resentencing and the motion would be moot. Moreover, Federal Rule of Criminal Procedure 43(b)(4) makes clear that a defendant’s presence is not required when the “proceeding involves the correction or reduction of sentence under ... 18 U.S.C. § 3582(c).” Fed.R.Crim.P. 43(b)(4). Therefore, the substantive requirements that apply to sentencing hearings under Federal Rule of Criminal Procedure 32(i), see, e.g., United States v. Gutierrez, 555 F.3d 105, 109 (2d Cir.2009) (acknowledging that “a defendant is entitled to have his counsel address a sentencing court”), do not apply to motions for sentence reduction under § 3582(c). Accordingly, Gregory was not entitled to an oral hearing on his motion.
We are similarly unconvinced by Gregory’s argument that he was not given an opportunity to respond to the factors the court considered in denying his motion. While he accurately asserts that the government’s brief before the district court did not mention specifically his post-incarceration conduct, the government’s brief did specify generally that the district court may consider this type of information, and it stated that such information would be forthcoming from the Probation Office. Moreover, as the government notes, Gregory’s prison records on which the district court relied were posted on PACER on December 1, 2008, three weeks before the district court denied Gregory’s motion, with notice to Gregory’s counsel. Thus, to the extent Gregory wished to respond to these reports, he had ample time to do so. Yet before the district court ruled on his § 3582(c) motion, Gregory did not inform the court that he disagreed with any of the factual assertions in the Bureau of Prisons report. Nor did he move for reconsideration after the court issued its ruling. Similarly, Gregory offers no reason that he could not have presented the district court with examples of his allegedly mitigating behavior while incarcerated by written brief below.
We have considered Gregory’s remaining arguments and find them to be without merit. For the foregoing reasons, were hereby AFFIRM the order of the district court.