*United States v. Cherimond*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand twenty-two.

PRESENT:    Pierre N. Leval,
            Steven J. Menashi,
            Beth Robinson,
                *Circuit Judges.*

_____

United States of America,

     *Appellee,*

   v.                                                            No. 21-1452

August Cherimond,

     *Defendant-Appellant.*

_____

*For Appellee*:                                    Benjamin A. Gianforti and Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:                Darrell Fields, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the case is **REMANDED** for the district court to clarify whether the defendant objects to allegations in the presentence investigation report and, if so, to vacate the sentence and allow the defendant and the government the opportunity to submit evidence on the challenged matters.

On January 20, 2021, without a plea agreement, Defendant-Appellant August Cherimond pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 2. On June 7, 2021, Cherimond was sentenced to a term of 54 months' imprisonment and three years' supervised release, along with a $100 mandatory special assessment. Final

2

judgment was entered June 9, 2021, and Cherimond timely appealed. Among his arguments before this court, Cherimond asserts that the 54-month term of imprisonment was procedurally unreasonable.

For the reasons that follow, we remand for the district court to clarify whether Cherimond objects to allegations in his presentence investigation report ("PSR") and, if so, for the district court to vacate his sentence and allow the defendant and the government the opportunity to submit evidence on the challenged matters. Because of the inconsistent statements of Cherimond's counsel, it is unclear whether he was objecting to certain factual allegations in the PSR of unconvicted criminal conduct on which the district court relied in making an upward departure in Cherimond's criminal history category pursuant to United States Sentencing Guidelines (U.S.S.G.) § 4A1.3. If Cherimond objects on the ground that those allegations are inaccurate, then the district court should vacate the sentence and allow Cherimond and the government to submit evidence on the disputed issues before making an upward departure in Cherimond's criminal history category. Fed. R. Crim. P. 32(i)(3)(B). We remand to ensure that Cherimond has an opportunity to contest the allegations reported in the PSR. We

3

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

# I

At Cherimond's sentencing hearing, the district court began by acknowledging the parties' written submissions and noting that "we have sentencing guidelines issues to discuss" before turning to the adoption of the PSR and addendum. App'x 142. The district court asked defense counsel whether he had reviewed these materials with Cherimond; defense counsel replied yes. The district court asked whether Cherimond "ha[d] objections to the factual material in the pre-sentence report?" App'x 143. Defense counsel answered that "the only factual objection really stems from the claims about what was stated by Mr. Cherimond at the hospital. We're not conceding those statements."[1] After

---

[1] The hospital statements refer to Cherimond's interview with law enforcement, described in Paragraph 13 of the PSR. The district court sought to clarify with defense counsel, "Is there something in particular that you're challenging, or do you just want me to know that he's hazy on what was said?" App'x 143. Defense counsel affirmed that Cherimond's recollection of the interview was "hazy" and that the only record of the interview was the notes taken by law enforcement. App'x 143-44. The discussion ended with the district court concluding, "I understand you're candidly admitting you have no basis to challenge it, but you're not conceding it," to which defense counsel responded, "Correct." App'x 144.

verifying that the government had no objection to the factual material in the PSR, the district court adopted the findings of the PSR as its findings of fact. App'x 144.

The district court then turned to "two guidelines issues in dispute." App'x 144. The district court first dismissed the government's argument in favor of a four-level upward departure under U.S.S.G. § 2K2.1(b)(6)(B) for use and possession of a firearm and ammunition in connection with another felony offense, concluding that it did not find by a preponderance of the evidence that Cherimond's conduct amounted to a felony under New York law.

Next, the district court proceeded to the issue relevant here: the application of U.S.S.G. § 4A1.3, permitting an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1). The district court asked defense counsel if there were "[a]nything [he] want[ed] to say on that," and defense counsel answered that he "responded to it in [his sentencing] submission and [would] rely on that." App'x 153. The district court then stated that "the Government has a better argument here" and proceeded to analyze Cherimond's criminal history. App'x 153.

5

The district court explained that Cherimond's criminal history category was calculated based on three assault convictions and that the calculation excluded "a number of other cases pending, including another assault case," referring to Paragraphs 36 through 39 of the PSR. App'x 153. "Further," the district court noted, Cherimond "has a number of arrests for similar and serious conduct that did not lead to conviction because they were covered by other cases," referring to Paragraphs 40 through 44 of the PSR. App'x 153.

At this point, defense counsel interjected to argue that, to his understanding, the government's position on the § 4A1.3 departure was based only on pending cases at the time Cherimond was arrested. The district court responded that, irrespective of the government's argument, it could consider the additional arrests. Defense counsel then opined that he "had no notice" that the district court would "upwardly depart."[2] The district court offered a two-week adjournment "[s]o that

_____

[2] The PSR did not recommend an upward departure in Cherimond's criminal history category, but the government included argument in favor of both potential upward departures (§§ 2K2.1(b)(6)(B) and 4A1.3(a)) in its sentencing submission dated January 15, 2021.

[defense counsel] can gather [his] thoughts on this." App'x 154.[3] Defense counsel responded that he "can certainly address" his thoughts "here, but" noted that he "argued that [Cherimond and his defense counsel] don't believe any upward departure would be appropriate." App'x 154. The district court acknowledged that defense counsel's oral argument matched his papers, and it again offered defense counsel "time now to say whatever you want about anything in the criminal history or to adjourn and give you time to put something more in writing if you want." App'x 155-56. After consultation with Cherimond, defense counsel declined adjournment, responding that "Mr. Cherimond has asked me to proceed today, so I'll make the best arguments I can today." App'x 156.

The district court continued to address the application of § 4A1.3 to Cherimond, noting that it considered both the conduct underlying Cherimond's pending charges and those arrests that were covered by other cases. The district court concluded that Cherimond's criminal history category "does not reflect the

---

[3] The district court also read into the record a portion of the government's letter which noted that "Cherimond has a slew of other arrests that did not result in conviction," referring to Paragraphs 40 through 44 of the PSR; "while they didn't result in convictions it's the underlying facts that I take into account, and that's what I was in the process of talking about." App'x 156.

7

seriousness of the offense or the likelihood that the Defendant will commit further crimes," referencing in particular the alleged robbery offense conduct outlined in Paragraph 46 of the PSR and the alleged "choking" offense conduct outlined in Paragraph 47 of the PSR, both of which purportedly occurred shortly after Cherimond's release from the hospital for the conduct that led to his § 922(g)(1) conviction. App'x 157-58.

The district court then afforded defense counsel an opportunity to "talk me out of" applying the upward departure. App'x 159. At that point, defense counsel raised what Cherimond argues on appeal was an objection to the court's reliance on allegations of unconvicted conduct in the PSR. Defense counsel first noted Cherimond's relative youth at the time of three of his prior arrests,[4] and he emphasized that those offenses "related primarily to marijuana." App'x 160. Then defense counsel engaged in the following exchange:

> Defense counsel: "Obviously we're not consenting or conceding to the allegations of fact in any of those cases where they're—"
>
> The district court: "Well, they're in the pre-sentence report and they haven't been challenged."
>
> Defense counsel: "Well, he wasn't—"

---

[4] These arrests are described in Paragraphs 42, 43, and 44 of the PSR.

The district court: "As far as I can tell, I'm allowed to take into account the conduct."

Defense counsel: "We're not conceding any of the factual recitations are accurate. They're in there and certainly the Court can take them into account if it wants, but we don't have mini-trials on any one of those prior arrests and he was not found guilty on any of those, and so I think that's fairly significant here, but I think his age is what stands out more than anything else, which is of significant consideration given the background we'll discuss at some point, so I do think the age here mitigates those, those law enforcement contacts in that conduct."

App'x 160-61. Defense counsel continued:

The one thing I would say there is none of those cases have been resolved. Your Honor hit the nail on the head with regard to several of them had to do with marijuana, and they certainly don't meet what is required of the seriousness definition or consideration by the guidelines, but he's presumed innocent on those cases, there have been no adjudications, no findings of fact by the state courts, no admissions of guilt or findings of guilt by a jury in those cases, and so I would submit those wouldn't be appropriate right now to consider with regard to an upward departure or adjustment in regard to criminal history. … Certainly the state courts obviously will address those cases subsequent to our case and they will take the course that they will take, but I don't think they are … supportive of an upward departure in his case.

App'x 161-62. The district court responded, "Now, look, under [§] 4A1.3, prior similar adult conduct not resulting in a criminal conviction can be considered."

App'x 162. The district court said that "the young age from the earlier" charged

9

incidents "does mitigate" against application of the upward departure, "but not enough in light of all the other factors I've discussed"; therefore, "I'm going to treat the Defendant as in criminal history category 4." App'x 163.

The district court further explained its view that "many of these offenses relate to violence, which seems to be a theme," and that raised particular concern: "If you get out of the hospital and next day you're choking your landlord, you know, that's worrisome in terms of further crimes. If you're losing your cool and snatching a necklace off somebody because she dropped a deck of cards, that's worrisome." App'x 163-64. The conduct underlying those incidents, combined with Cherimond's "history of assault and like conduct before the shooting," supported the upward departure. App'x 164.

The sentencing hearing proceeded to discussion of the § 3553(a) factors. The district court gave the parties the opportunity to argue "what the sentence should be" under this analysis. App'x 164. Defense counsel reiterated that, "[w]ith regard [to] the criminal history, … I said repeatedly we're not conceding, we're admitting the allegations in those cases or conceding that the summary or factual allegations are true, but he's denied those, he's still presumed innocent of those, and while

they're allegations, there is no concession here." App'x 168-69.[5] After defense

counsel was heard, the district court again addressed Cherimond's criminal

history, taking into account the conduct listed in Paragraphs 31 through 33 of the

PSR, and acknowledging that

> I understand all about the presumption of innocence. That's an evidentiary presumption that applies at trial. That doesn't mean in the real world we have to pretend the person didn't do it. You know, I understand these aren't conceded, but there was no objection to them in the pre-sentence report, and even if half of them aren't true, they're still a disturbing pattern here, including bench warrants which just shows even more clearly the lack of respect for the law.

App'x 177. The district court sentenced Cherimond to 54 months' imprisonment,

three years' supervised release, and a $100 special assessment, and in its statement

of reasons, noted an upward departure of one criminal history category under

§ 4A1.3 due to Cherimond's "violent history, covered cases, open cases, [and]

bench warrants."[6]

---

[5] The transcript likely erroneously reports defense counsel as stating "we're admitting the allegations" rather than "or admitting the allegations."

[6] The district court also applied an upward variance after considering §§ 3553(a)(1) (the nature and circumstances of the offense), (a)(2)(B) (affording adequate deterrence to criminal conduct), (a)(2)(C) (protecting the public from further crimes of the defendant), a policy disagreement pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007) ("gun guidelines too low"), and the "[o]ther" additional reason that "Defendant on bail for 3 cases at time of offenses and committed acts of violence twice shortly thereafter."

11

## II

We remand for resentencing because it is unclear whether Cherimond was objecting to the information in the PSR bearing on the criminal conduct on which the district court relied to increase his criminal history category. On remand, the district court should inquire of Cherimond whether he objects to the pertinent allegations of the PSR and contests the factual accuracy of those allegations. If Cherimond disputes the pertinent factual allegations of the PSR, the district court should vacate the sentence and offer Cherimond and the government the opportunity to submit evidence on the question. The district court would then rule on whether the allegations in question have sufficient support to justify a finding of probable accuracy. *See* U.S.S.G. § 6A1.3(a).

We review a district court's sentencing judgment for procedural unreasonableness "under a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Procedural error may result from failing properly to "afford the defense counsel an opportunity to speak on behalf of the defendant," *United States v. Sisti*, 91 F.3d 305, 310 (2d Cir. 1996), even when such error is "inadvertent[]" or the product of "misunderstanding," *United States v. Gutierrez*, 555 F.3d 105, 109 (2d

12

Cir. 2009). Whenever there is a "disputed portion of the presentence report or other controverted matter," the district court must "rule on the dispute" unless it "determine[s] that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

Here, we consider whether a factual dispute arose during the sentencing hearing that required a resolution by the district court. A criminal defendant has a "due process right to be sentenced based on accurate information" and therefore "facts relevant to sentencing must be found by a preponderance of the evidence." *United States v. Juwa*, 508 F.3d 694, 700-01 (2d Cir. 2007). While "the sentencing court could properly take into account any information known to it," it must ensure that "the defendant had an opportunity to respond in order that the court not rely on misinformation." *United States v. Concepcion*, 983 F.2d 369, 387-88 (2d Cir. 1992). In addition, the sentencing court must assure itself that "the information upon which it relies in sentencing defendants is both reliable and accurate." *United States v. Pugliese*, 805 F.2d 1117, 1124 (2d Cir. 1986).

In this case, the district court relied on Cherimond's alleged "[p]rior similar adult criminal conduct not resulting in a criminal conviction" to apply an upward

13

departure. U.S.S.G. § 4A1.3(a)(2)(E). Before doing so, the district court afforded Cherimond at least two opportunities to object to the factual findings in the PSR. First, the district court asked defense counsel whether Cherimond objected to the factual findings in the PSR. Cherimond's defense counsel noted a generalized objection to the statement Cherimond gave law enforcement in connection with his § 922(g)(1) conviction; he did not object to the portion of the PSR describing Cherimond's alleged prior criminal conduct not resulting in a conviction. Second, after defense counsel's statement that he had "no notice" of a possible § 4A1.3 upward departure, the district court gave Cherimond an opportunity to adjourn for two weeks to prepare an argument on whether his "criminal history category substantially under-represents the seriousness" of Cherimond's criminal history or "the likelihood that [he] will commit other crimes." U.S.S.G. § 4A1.3(a)(1). Cherimond declined this opportunity.

Nevertheless, Cherimond's counsel went on to make statements that signaled an objection to the allegations of prior unconvicted criminal conduct in the PSR on which the district court said it would rely. Cherimond's defense counsel said that he would "not consent[] or conced[e] to the allegations of fact" in the PSR regarding Cherimond's unconvicted criminal conduct. App'x 160.

14

Though defense counsel appeared to acknowledge that "the [district c]ourt can take them into account if it wants," he again suggested that the findings "wouldn't be appropriate" for consideration. App'x 160-61. Defense counsel later raised an apparent objection again, during the discussion of the § 3553(a) factors, when he said that Cherimond did "not conced[e]" or "admit[] the allegations in" those portions of the PSR. App'x 168.

If these statements constituted an objection to the allegations reported in the PSR, then the district court was obligated to "rule on the dispute," Fed. R. Crim. P. 32(i)(3)(B), by determining by a preponderance of the evidence whether Cherimond had engaged in the alleged conduct, *Juwa*, 508 F.3d at 701, after giving Cherimond "an opportunity to respond" to the PSR, *Concepcion*, 983 F.2d at 387-88. The district court did not issue such a ruling. For that reason, the record suggests that Cherimond may have disputed the factual findings against him without the district court affording him an opportunity to submit information contesting those findings and resolving the dispute. We remand for the district court to determine whether Cherimond objects to and disputes the factual accuracy of the pertinent allegations in the PSR. If Cherimond does contest the allegations, the district court should vacate the sentence, receive any evidence

15

offered by either side on the disputed issue, and either rule on whether it finds the allegation more likely true than not or decide that it will not consider the allegations in resentencing. The court may consider hearsay evidence, including the allegations reported in the PSR, if the court finds that evidence supported by sufficient indicia of reliability. *See United States v. Martinez*, 413 F.3d 239, 243-44 (2d Cir. 2005); *Pugliese,* 805 F.2d at 1124.

\* \* \*

We have considered Cherimond's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court