07-4824-cr
U.S.A.. v. Gonzalez

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

Heard: May 12, 2008                                  Decided: June 11, 2008

Docket No. 07-4824-cr

- - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,
     Appellee,

              v.

ROLONDO GONZALEZ,
     Defendant-Appellant.
- - - - - - - - - - - - - - - -

Before: NEWMAN, WALKER, and SOTOMAYOR, <u>Circuit Judges</u>.

Appeal from the October 31, 2007, judgment of the United States District Court for the Southern District of New York (Samuel Conti, District Judge, Northern District of California, sitting by designation), imposing a sentence of 24 months for violation of supervised release. Appellant challenges omission of presentence allocution.

Remanded for vacation of sentence and resentencing.

> Steven M. Statsinger, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant-Appellant.
>
> David S. Leibowitz, Asst. U.S. Atty., New York, N.Y. (Michael J. Garcia, U.S. Atty., Diane Gujarati, Asst. U.S. Atty., New York, N.Y., on the brief), for Appellee.

JON O. NEWMAN, Circuit Judge:

This sentencing appeal primarily concerns the omission of a defendant's opportunity to address the sentencing judge prior to imposition of sentence. Defendant-Appellant Rolando Gonzalez appeals from the October 31, 2007, judgment of the District Court for the Southern District of New York, before Judge Samuel Conti (District Judge, sitting by designation), sentencing him to the statutorily maximum term of twenty-four months of incarceration for violating his supervised release. On appeal, he contends that Judge Conti's sentence was procedurally and substantively unreasonable. We conclude that the case must be remanded for resentencing.

## Background

In January 2005, Gonzalez pled guilty to two firearms violations, and in April 2005, was sentenced to concurrent prison terms of 33 months for each violation, to be followed by a term of supervised release of three years. He was released from prison in November 2006 and transferred to immigration custody, from which he was released in December 2006.

In April 2007, the Probation Department ("Probation") filed a warrant with the District Court, charging that Gonzalez had violated the terms of his supervised release in five specific ways: (1) failure to report to Probation within 72 hours of his release from immigration custody, (2) failure to report to Probation after receiving notices

on various dates, (3) possession of a gravity knife in violation of New York law, (4) possession of a bag of marijuana, and (5) pleading guilty to disorderly conduct in state court in February 2007. The petition listed each specified violation as a "Grade C" violation. See U.S.S.G. § 7B1.1(a)(3).

At an initial hearing, the parties agreed that, in satisfaction of the petition, Gonzalez would admit to failing to report to Probation within 72 hours of release. However, at that hearing, Gonzalez contended that he did report, and Judge Conti ordered a hearing on that issue for the following week. Probation issued an amended petition, adding a sixth "Grade C" violation--that prior to his arrest on the revocation warrant, Gonzalez had pled guilty to criminal mischief, a violation of New York State Law. Probation advised Judge Conti that Gonzalez faced a statutory maximum sentence of two years' imprisonment for violation of supervised release, see 18 U.S.C. § 3583(e)(3), and that the Guidelines range, based on Gonzalez's commission of a Grade C violation and his Criminal History Category of II, was four to ten months' imprisonment, see U.S.S.G. § 7B1.4(a).

At the resumed hearing, Gonzalez admitted the fourth violation--possession of marijuana--in satisfaction of the remaining specifications. The Judge then instructed the probation officer to report about Gonzalez's conduct since his release from immigration

-3-

custody in December 2006, and scheduled a sentencing hearing the following week for the admitted supervised release violation.

At the sentencing hearing, defense counsel attempted to clarify the confusion that had arisen at the earlier hearing as to whether Gonzalez had reported to his probation officer after his release. Counsel indicated that Gonzalez had reported to an immigration officer, but not to his probation officer. Counsel acknowledged that when Gonzalez was released from federal prison, he was instructed to report to Probation, but explained that he was transferred to immigration custody and later released to immigration parole, for which he was given separate reporting instructions. Counsel represented that Gonzalez reported to an immigration official "for a time," but did not report to the Probation office. Judge Conti made no comment on this explanation.

Gonzalez's probation officer, Veronica Casanova, testified that Gonzalez was released from prison on November 22, 2006, and from immigration custody on December 7, 2006. She indicated that Probation sent three notices to Gonzalez directing him to report, the third of which advised him of a February 16, 2007, appointment and was returned with his signature. Gonzalez did not keep the appointment. Casanova also testified that, while conducting a criminal records check, she learned that Gonzalez had been arrested twice in 2007, and that he had been sentenced to a one-year conditional discharge for disorderly

-4-

conduct and 30 days in prison for criminal mischief.

On cross-examination, defense counsel asked Casanova if she knew whether Gonzalez had reported to any immigration officials after his release on immigration parole, and Casanova answered that she had left a message with an immigration officer but had not received any reply.

After the testimony concluded, Judge Conti asked the Government for its position. The Government noted that the Guidelines range was 4 to 10 months, but stated that it "takes no position other than that." Defense counsel argued for a sentence at or below the low end of the range, noting that all alleged violations were Grade C and that Gonzalez's failure to report resulted, at least in part, from his not having a complete understanding that he was required to report to two separate agencies.

Without affording Gonzalez an opportunity to address the Court before imposition of sentence, Judge Conti stated:

> I can't see any benefit to society or anybody else, including him, to have any other benefit of the probation department, which he's completely ignored. He knows what he's doing. He's not an unintelligent individual. He spent some time incarcerated, he came out, he's supposed to be on supervised release and it did him no good. It's not going to do him any good in the future. The Court is very well cognizant of the fact that the guidelines are four to ten months, but I see no benefit of giving him this particular time. I am going to exceed it and revoke his supervised release and sentence him to the remaining term of it, which is three years.

At this point, the prosecutor noted that the statutory maximum was

two, and Judge Conti said, "Two years then."

Defense counsel objected, stating that the sentence wasn't warranted, "certainly not in light of the reasons the Court gave."

Later that day, Judge Conti called the parties back to the courtroom. He informed Gonzalez that he had forgotten to tell him that he had a right to appeal the sentence imposed, and that if he could not afford an attorney, the Court would appoint one for him. Then, after defense counsel reminded the Judge about the omission of presentence allocution, the Judge explained to Gonzalez that he had a right to speak on his own behalf, telling him, "[Y]ou have the right to say anything to the Court you want to and it may very well be that there are occasions when the Court changes its mind. You have a right to say anything you want to at this time." Gonzalez stated, as an explanation for his supervised release violation, that he had "an alcohol and a drug problem." Judge Conti stated he would be "happy to recommend an alcohol and drug program during your incarceration."

## Discussion

All federal sentences, including those imposed for violations of supervised release, are reviewed for reasonableness. See United United States v. Fleming, 397 F.3d 95, 99 (2d Cir. 2005). Reasonableness has both substantive and procedural dimensions. See Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Crosby, 397 F.3d 103, 114 (2d Cir. 2005).

-6-

Procedural claims.  A sentence is unreasonable if it is the product of a "significant procedural error." Gall, 128 S. Ct. at 597. Gonzales's principal procedural claim is that he was denied his right to presentence allocution.  A defendant has a right, protected by the Federal Rules of Criminal Procedure, to address the sentencing judge before the imposition of sentence. See Fed. R. Crim. P. 32(i)(4)(A)(ii); United States v. Margiotti, 85 F.3d 100, 103 (2d Cir. 1996).  This right of presentence allocution applies to sentences imposed for revocation of supervised release. See Fed. R. Crim. P. 32.1(b)(2)(E); Margiotti, 85 F.3d at 103.

We have stated that "[r]esentencing is generally required if a court does not comply with the requirements of Rule 32," Margiotti, 85 F.3d at 103 (citing United States v. Axelrod, 48 F.3d 72, 72-73 (2d Cir. 1995)).  However, we did not require resentencing where a judge omitted an opportunity for allocution but "immediately recognized the lapse and offered the defendant the right of allocution," "gave [the defendant's] statements full consideration," and "responded by giving reasons for his decision to adhere to the previously announced sentence." Id.  Under these circumstances, we regarded the sentence as only "announced" without prior allocution but not "imposed" until after allocution. See id.; see also United States v. Barnes, 948 F.2d 325, 331 n.5 (7th Cir. 1991) ("[A] trial judge, realizing after sentencing that the right of allocution has been neglected, may

rectify the situation by, in effect, setting aside the sentence, reopening the proceeding, and inviting the defendant to speak. . . . [T]he trial court must genuinely reconsider the sentence in light of the elicited statement.").

In the pending case, the District Judge not only omitted an opportunity for presentence allocution but also failed to conform to the special circumstances deemed sufficient to avoid resentencing in Margiotti. First, the opportunity for allocution was not provided immediately but only later in the day. More important, there is no indication that the District Judge responded to the Defendant's statement "by giving reasons for his decision to adhere to the previously announced sentence." Margiotti, 85 F.3d at 103. The Judge said only that he would recommend an alcohol and drug program during the Defendant's incarceration but did not mention the already imposed sentence or give reasons for adhering to it. Under these circumstances, it cannot be said, as the Seventh Circuit stated in Barnes, that the sentence was, "in effect, set[] aside" and the proceedings "reopen[ed]." 948 F.2d at 331 n.5.

The appropriate response to an omission of presentence allocution implicates due regard for the appearance of fairness. Whether or not the allocution rights secured by Rules 32 and 32.1 can be satisfied by full compliance with the Margiotti procedures, we believe that the preferable course for remedying a denial of presentence allocution is

-8-

to vacate the sentence, accord the right of allocution, and sentence anew.  In the pending case, the District Judge did not vacate the original sentence.  Instead, he told the Defendant that "there are occasions when the Court changes its mind."  Although the distinction is subtle, there is a difference between speaking to a judge when the slate is clean and speaking after sentencing in an effort to have the judge change his mind.  Whatever the value of sentencing allocution, neither a defendant nor observers in the courtroom are likely to believe that an opportunity to try to talk a judge out of a sentence already imposed is as effective as an opportunity to speak before a sentence has been imposed.

Without questioning any of our prior decisions, we conclude that in this case and prospectively the remedy for omission of an opportunity for presentence allocution should be vacation of the sentence and a new sentencing proceeding in conformity with Rules 32 and 32.1.  We make this decision in the exercise of our "supervisory powers to oversee the administration of criminal justice within federal courts," Daye v. Attorney General, 712 F.2d 1566, 1571 (2d Cir. 1983), an authority we have exercised with respect to sentencing procedures, see United States v. Ming He, 94 F.3d 782, 792 (2d Cir. 1996), "particularly when we are dealing with a procedure for which a uniform practice is called for," id.; see also United States v. Johnson, 221 F.3d 83, 96 (2d Cir. 2000) (asserting availability of

supervisory powers for sentencing procedures).  We are mindful that supervisory powers are not to be used to circumvent the harmless error rule, see Bank of Nova Scotia v. United States, 487 U.S. 250, 254–55 (1988), but we do not believe that noncompliance with Rule 32.1 was harmless error in this case.

Gonzalez also challenges the adequacy of the District Judge's brief statement of reasons for the sentence imposed, but, since resentencing is required, we can expect that whatever sentence is imposed will be appropriately explained.

Substantive claim. Substantive reasonableness review concerns "whether the length of the sentence is reasonable." United States v. Rattoballi, 452 F.3d 127, 132 (2d Cir. 2006).  This review focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a). See United States v. Sindima, 488 F.3d 81, 84 (2d Cir. 2007); Rattoballi, 452 F.3d at 134–35. Substantive reasonableness review "is akin to review for abuse of discretion." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006).  A district court is statutorily required to "state in open court the reasons for its imposition of [a] particular sentence." 18 U.S.C. § 3553(c).  Where, as here, the sentence is outside of an advisory Guidelines range, "the court must also state with specificity in the written order the specific reason for the sentence imposed." Sindima, 488 F.3d at 85 (internal quotation marks omitted).

Here, Gonzalez's two-year sentence was more than twice as long as the ten-month high-end of his Guidelines range. Cf. Sindima, 488 F.3d at 85-87 (36-month sentence for violation of probation not supported by sufficiently compelling reasons). Determination of whether the sentence is unreasonable is hampered by the brevity of the reasons given for it. We note that the Sentencing Commission's policy statement concerning violation of supervised release recommends that "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b); see United States v. Verkhoglyad, 516 F.3d 122, 130 (2d Cir. 2008); Sindima, 488 F.3d at 86. It is not clear whether the District Judge had this policy statement in mind and endeavored to make a justified decision to impose a non-Guidelines sentence without regard to it. Since resentencing is required, a decision on reasonableness of sentence length can be deferred until such time as a new sentence, properly imposed, might be challenged on appeal.

Conclusion

For the foregoing reasons, the case is remanded for vacation of the sentence and resentencing.