UNITED STATES of America,
Appellee,

v.

Shawn Anthony MASCOE, also known as Omar Morgan, also known as Peter Nelson, also known as Shawn Smalls, Defendant–Appellant.

No. 08–2465–cr.

United States Court of Appeals, Second Circuit.

Dec. 17, 2008.

**50**

Thomas H. Nooter, Esq., New York, NY, for Appellant.

Jason A. Jones, Assistant United States Attorney (Emily Berger, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Shawn Anthony Mascoe ("Mascoe") appeals from a judgment entered May 16, 2008 in the United States District Court for the Eastern District of New York (Gleeson, J.), convicting him, upon his plea of guilty, of one count of illegally reentering the United States after being deported following his conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Mascoe was sentenced to a term of imprisonment of 72 months, three years of supervised release and a special assessment of $100. We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal.

Mascoe argues that the sentence imposed was procedurally unreasonable because the district court failed to adequately consider his arguments in support of a downward departure. In addition, Mascoe argues that his sentence of 72 months imprisonment is substantively unreasonable.

This Court reviews a district court's sentence for substantive and procedural reasonableness. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Gonzalez,* 529 F.3d 94, 97 (2d Cir.2008). The standard for reasonableness review "is akin to review for abuse of discretion." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). Such review "does not entail the substitution of our judgment for that of the sentencing judge." *Id.* In determining "whether a sentence is reasonable, [the Court] ought to consider whether the sentencing judge 'exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *Id.* (quoting

*United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005)). We have previously recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. In addition, "[a]lthough a refusal to downwardly depart is generally not appealable, review is available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). We hold that Mascoe's sentence was neither procedurally nor substantively unreasonable.

## I. Procedural Reasonableness

■ The presentence report prepared by the Probation Office calculated that Mascoe's total offense level under the Sentencing Guidelines was 21, and that his criminal history category was five, yielding a range of imprisonment of 70 to 87 months. Mascoe did not contest the Guidelines calculation at sentencing. Mascoe moved for a downward departure on three grounds: (1) his "cultural assimilation" in the United States; (2) the alleged disparity created by "fast-track" programs in other jurisdictions; and (3) the "lack of availability of institutional remedial and rehabilitative programs to persons who have immigration detainers."

Here, contrary to Mascoe's assertion, the district court adequately considered each of the arguments raised by Mascoe in support of a downward departure. *See Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). As to Mascoe's "fast track" argument, the district court received sentencing submissions on the issue from both defense counsel and the government. After hearing arguments from the parties, the district court rejected Mascoe's claim of a sentencing disparity resulting from fast-track programs in other district courts. The district court further explained that Mascoe has "a very troubling criminal history," that he was "a violent offender, violence outside [prison], violence inside," and, thus, Mascoe "needs to be incapacitated." Moreover, we are satisfied that the district court sufficiently considered Mascoe's other claims in support of a downward departure, including his "cultural assimilation" argument and his assertion concerning the "lack of remedial and rehabilitative programs" for illegal re-entrants. Accordingly, the district court did not commit procedural error in its consideration of Mascoe's downward departure arguments.

## II. Substantive Reasonableness

Mascoe also argues that his sentence of 72 months was substantively unreasonable. He asserts that the district court's failure to adjust his sentence in accordance with "fast track" programs available elsewhere, and the court's focus on his criminal history and the need for incapacitation rendered his sentence unreasonable. We disagree. In *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006), we specifically held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." Thus, Mascoe's claim that his sentence is unreasonable based on illegal reentry sentencing programs in other jurisdictions must be rejected. Nor does the district court's consideration of Mascoe's criminal history and its conclusion that incapacitation was necessary render the sentence unreasonable.

In sum, Mascoe's sentence of 72 months imprisonment, which was at the low end of the advisory Guidelines range, was both procedurally and substantively reasonable.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**