UNITED STATES of America,
Appellee,

v.

Tarek AL MANWARE, Defendant–Appellant.

No. 08–2235–cr.

United States Court of Appeals,
Second Circuit.

May 4, 2009.

See also, 2009 WL 1546314.

Alan M. Nelson, Law Office of Alan M. Nelson, Lake Success, NY, for Appellant.

Monica E. Ryan, Assistant United States Attorney (David C. James, Assistant United States Attorney, of counsel, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Tarek Al Manware appeals from the April 23, 2008 judgment of the district court revoking his term of supervised release and sentencing him to eleven months imprisonment and a term of two years of supervised release for violation of the terms of supervised release pursuant to 18 U.S.C. § 3583(e)(3). With respect to the terms of supervised release, the court originally imposed, and on revocation re-imposed, special conditions including that Al Manware facilitate the immediate and safe return of his child to the United States. Regarding the judgment on appeal, Al Manware's original supervised release was revoked on the grounds that he (1) used an intermediary to interfere with his daughter's return to the United States; and (2) associated with a convicted felon. We assume the parties' familiarity with the facts and proceedings in the district court.

■ We review the district court's sentence determination for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A sentence is procedurally unreasonable if a sentencing court commits a significant procedural error. *Id.* at 597. A person in custody for violating a condition of supervised release is entitled at the revocation hearing to "an opportunity to make a statement and present any information in mitigation." Fed.R.Crim.P. 32.1(b)(2)(E); *see United States v. Gonzalez*, 529 F.3d 94, 97 (2d Cir.2008) ("A defendant has a right, protected by the Federal Rules of Criminal Procedure, to address the sentencing

judge before the imposition of sentence."). "[R]esentencing is generally required if a court does not comply with the requirements of Rule 32." *Id.* (citation omitted). The government concedes that at the revocation hearing the district court did not provide Al Manware an opportunity to make a presentence allocution before imposing the sentence and that the case should be remanded for resentencing.

 Al Manware has argued that his sentence is procedurally unreasonable because the district court imposed "the high end of the guideline range, without consideration of the factors articulated in 18 U.S.C. § 3553" and substantively unreasonable because the court reimposed the special condition that he "affirmatively assist in the return of his child to the United States" which "has been demonstrated to be impossible to be performed." As for Al Manware's contention regarding procedural unreasonableness, a sentencing court is not obligated to recite consideration of the factors specified in § 3553. Absent some demonstrated reason to doubt that the court has considered the factors which the statute makes mandatory, we will assume that the court has followed the law. *See United States v. Carr*, 557 F.3d 93, 107 (2d Cir.2009). Other than showing that the district court failed to provide Al Manware an opportunity to make a statement to the court before sentencing, Al Manware has shown no other reason for the Court to doubt that the district court did what § 3553 requires.

 We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir.2007)). With respect to Al Manware's argument that the sen-

tence is substantively unreasonable based on the district court's imposition of the special condition that he assist in having his child returned to the United States, we find no evidence in the record that it would be impossible for him to comply with that special condition, and the sentence is not substantively unreasonable based on that ground.

The sentence imposed by the district court is **VACATED** and the case **is REMANDED** for resentencing.