SUMMARY ORDER
Defendant Julio Cesar Lopez Pena (“Lopez-Pena”) appeals from an amended judgment entered on June 13, 2008, in the United States District Court for the Southern District of New York (Chin, J.), convicting him, after a jury trial, of conspiracy to distribute more than five kilograms of cocaine, knowing and intending that such substance would be imported into the United States, in violation of 21 U.S.C. § 963 and sentencing him principally to 45 years’ imprisonment. Defendant Javier Mauricio Reyes de la Pava (“Reyes”) appeals from a judgment entered on February 27, 2008, in the United States District Court for the Southern District of New York (Chin, J.), convicting him, following his guilty plea, of conspiracy to import one kilogram and more of heroin into the Unit *485 ed States, in violation of 21 U.S.C. § 96S, and of conspiracy to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846, and sentencing him principally to 70 months’ imprisonment. We assume the parties’ familiarity with the facts and procedural history of the case.

Lopez-Pena

On appeal, Lopez-Pena identifies two purported errors in the district court’s evidentiary rulings.
First, Lopez-Pena argues that the district court abused its discretion under Federal Rule of Evidence 403 or 404(b) by admitting evidence that Lopez-Pena told Andres Lopez, a cooperating witness, about killing several members of a Colombian drug cartel in 1996. We disagree. The purportedly objectionable testimony was admitted for a proper purpose under Rule 404(b) because it provided relevant background on the charged conspiracy, including the conspiracy’s formation and development, and on Lopez-Pena’s role in the conspiracy. See United States v. Rosa, 11 F.3d 315, 334 (2d Cir.1993) (“it is within the court’s discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed”). Lopez-Pena argues that this evidence was highly prejudicial given the special abhorrence associated with homicide. But prejudice is informed by the crimes with which the defendant has been charged. United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir.1990). In this case, the evidence of the crime charged included other evidence that Lopez-Pena had participated in multiple murders. “[Mjaximizing [the evidence’s] probative value and minimizing its prejudicial effect,” we cannot say that the court abused its discretion by concluding that the risk of prejudice did not substantially outweigh the probative value of the evidence. United States v. McDermott, 245 F.3d 133, 140 (2d Cir.2001) (internal quotation marks omitted); see Fed.R.Evid. 403.
Second, Lopez-Pena argues, inter alia, that the testimony of DEA Agent Eiler (1) was beyond the scope of his expertise; (2) was not necessary to assist the jury’s determination of a relevant fact; and (3) deprived him the opportunity to confront witnesses against him. Because Lopez-Pena did not contemporaneously object to Eiler’s testimony on these grounds, we review the district court’s decision only for plain error. See United States v. Lombardozzi, 491 F.3d 61, 72 (2d Cir.2007). We find no error. First of all, the record does not support Lopez-Pena’s contention that Eiler testified beyond the scope of his expertise. “[Although the operations of narcotics dealers are a proper subject for expert testimony under Fed. R.Evid. 702, we have carefully circumscribed the use of such testimony to occasions where the subject matter of the testimony is beyond the ken of the average juror.” United States v. Mejia, 545 F.3d 179, 191 (2d Cir.2008) (internal quotation marks omitted); see also United States v. Tapia-Ortiz, 23 F.3d 738, 741 (2d Cir.1994). In this case, Eiler’s testimony properly testified to subjects beyond the ken of the jury. Moreover, the record belies Lopez-Pena’s suggestion that Eiler improperly served as a conduit for inadmissible hearsay or to bolster fact witnesses’ testimony.
Lopez-Pena also challenges his sentence on appeal, contending that his sentence is contrary to the United States’ assurance that “a sentence of life imprisonment will not be sought or imposed” because a sentence of imprisonment for a term of forty-five years is tantamount to a sentence of life imprisonment because it exceeds his life expectancy
The resolutions of Colombia approving Lopez-Pena’s extradition specified that *486 Lopez-Pena would be delivered only after the United States guaranteed that he would not be subject to the “penalt[y] ... of life in prison” or to “life imprisonment.” In Diplomatic Note 353, the United States government took note of Colombia’s request for an assurance that Lopez-Pena “will not be subject to ... life imprisonment,” and provided that “[ajlthough the maximum statutory penalty for the charges ... is life imprisonment, the Government of the United States assures the Government of Colombia that a sentence of life imprisonment will not be sought or imposed.”
We do not decide whether Lopez-Pena has standing to assert the rule of speciality as a basis to challenge his sentence because his argument fails on the merits. See United States v. Cuevas, 496 F.3d 256, 262 (2d Cir.2007); United States v. Banks, 464 F.3d 184, 191 (2d Cir.2006). The extradition documents make clear that the United States assured Colombia that Lopez-Pena would not be sentenced to a term of life imprisonment. The documents do not support Lopez-Pena’s contention that the governments agreed that he would not be sentenced to imprisonment for a determinate term of years that exceeded his life expectancy. Had the respective governments intended such a limitation, they could have included such language. Instead, Colombia requested only an assurance that Lopez-Pena would not be subject to life imprisonment and the United States government promised only that “a sentence of life imprisonment would not be sought or imposed.” Lopez-Pena’s sentence does not violate that obligation.

Reyes

As an initial matter, because sentencing agreements are applied narrowly and strictly construed against the Government, see United States v. Hernandez, 242 F.3d 110, 113 (2d Cir.2001) (per curiam), we do not find that Reyes has unambigously waived his right to bring this appeal. The sentencing agreement provides: “(i) that the defendant will not file a direct appeal ... [of] any sentence below the Stipulated Sentencing Guidelines Range of 70 to 87 months and (ii) that the Government will not appeal any sentence above the Stipulated Sentencing Guidelines Range of 70 to 87 months. It is further agreed that a sentence within the Stipulated Sentencing Guidelines Range of 70 to 87 months is reasonable.” Although the defendant orally waived his right to appeal any sentence below or within the stipulated guidelines range, he claims that he understood his waiver to be only as written in the agreement. In these circumstances, construing the agreement against the government, it is not clear that the parties intended a broader waiver provision than what was included in the written agreement.
Reyes challenges his sentence as being longer than necessary in light of his family circumstances, his pretrial confinement in harsh conditions at Combita, and the sentences imposed upon his co-defendants. Reyes does not challenge the procedural reasonableness of his sentence, which we find to be procedurally sound.
“Substantive reasonableness review is akin to review for abuse of discretion,” United States v. Gonzalez, 529 F.3d 94, 98 (2d Cir.2008) (internal quotation marks omitted), and “[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances,” United States v. Fernandez, 443 F.3d 19, 27 (2d Cir.2006).
In imposing the sentence it did, the district court considered Reyes’s family circumstances, the harsh conditions of his confinement at Combita, and the sentences *487 imposed on his co-conspirators. We find no abuse of discretion in the district court’s conclusion that these factors, in addition to other relevant factors, warranted a sentence at the bottom of the Guidelines’ range. Moreover, although Reyes did not waive this appeal, he did stipulate that a seventy-month sentence was reasonable.

Conclusion

For the foregoing reasons, the judgments of the district court are hereby AFFIRMED.