11-0519-cr
United States v. Briggs

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand twelve.

Present:   ROBERT A. KATZMANN,
           GERARD E. LYNCH,
                     *Circuit Judges*,
           LEWIS A. KAPLAN
                     *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

           - v -                          No. 11-0519-cr

THEODORE BRIGGS,

                     *Defendant-Appellant*.

_____

For Defendant-Appellant:        PHILIP L. WEINSTEIN, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

For Appellee:                   EMILY BERGER (Celia A. Cohen, *on the brief*), Assistant United States Attorneys, *of counsel*, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York

---

[*] The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Theodore Briggs ("Briggs") appeals from a judgment entered on February 8, 2011, by the United States District Court for the Eastern District of New York (Ross, *J.*), revoking his supervised release and sentencing him to five years' imprisonment with no supervision to follow. Briggs violated his supervised release when he served as the getaway driver for a violent robbery committed on August 28, 2009. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Briggs principally contends that his sentence was substantively unreasonable because the district court imposed the maximum statutory sentence without considering his cooperation with state authorities following his violation of supervised release. This argument lacks merit. The Court reviews all sentences, including sentences for violations of supervised release, for reasonableness. *United States v. Gonzalez*, 529 F.3d 94, 97 (2d Cir. 2008). We review the substantive reasonableness of a sentence under "an abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). A district court's findings will only be set aside as substantively unreasonable "in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 122 (internal quotation marks omitted). When imposing a sentence, a district court should consider a defendant's cooperation with authorities as part of the nature and circumstances of the offense history and the characteristics under § 3553(a). *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006). However, in the absence of procedural error or an ultimately unreasonable sentence, this Court generally "will not second guess the weight (or

2

lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *Id.* at 34.

The record indicates that although the district court imposed the statutory maximum sentence, it did consider Briggs's cooperation with state prosecutors. During sentencing, the district court noted that Briggs's cooperation with state authorities had resulted in an early transfer to federal custody and an agreement with the state court which would reduce his overall time in prison by approximately two years. The court, therefore, recognized Briggs's cooperation and declined to further reduce his sentence on that basis. In refusing to impose a shorter sentence, the court considered the many other factors weighing against leniency, including his history of "repeated escalating and virtually uninterrupted criminality," his likelihood of recidivism, and the danger he poses to society. Accordingly, we find that the district court considered Briggs's cooperation with state authorities and acted within its discretion by imposing the statutory maximum sentence.

Next, Briggs contends that his federal sentence for violation of supervised release is unreasonable because it exceeds the state sentence for the underlying offense. This argument is also unavailing. A violation of supervised release constitutes a "breach of trust" that may warrant sanction "in addition" to any sentence imposed for the new conduct. U.S.S.G Ch. 7, Pt. A, Introduction. Under the circumstances, it was not unreasonable for the district court to impose a term of imprisonment that exceeded the length of the sentence imposed by the state court.

We have considered Briggs's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3