12-66-cr
United States v. Flanders

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshal United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand thirteen.

PRESENT: DENNIS JACOBS,
  <u>Chief Judge</u>,
  RALPH K. WINTER,
  <u>Circuit Judge</u>,
  LAURA TAYLOR SWAIN,[*]
  <u>District Judge.</u>

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
  <u>Plaintiff-Appellee</u>,

  -v.-                                   12-66-cr

VAUGHN FLANDERS,
  <u>Defendant-Appellant</u>
- - - - - - - - - - - - - - - - - - - - -X

---

[*]    Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**              COLLEEN P. CASSIDY, Federal
                               Defenders of New York, New York,
                               New York.

**FOR APPELLEES:**             JONATHAN COHEN, KATHERINE POLK
                               FAILLA, *for* Preet Bharara,
                               United States Attorney for the
                               Southern District of New York,
                               New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Flanders appeals from a judgment of the United States District Court for the Southern District of New York (Castel, <u>J.</u>), sentencing Flanders to twenty-four months' imprisonment and six months' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentence for reasonableness. <u>E.g.</u>, <u>United States v. Gonzalez</u>, 529 F.3d 94, 97 (2d Cir. 2008). This includes sentences imposed for violations of supervised release. <u>Id.</u> When, as here, a defendant does not allege procedural error, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007).

1. The applicable range for sentencing under the U.S. Sentencing Commission Guidelines Manual ("Guidelines") was three to nine months' imprisonment. Comment 3 of section 7B1.4 of the Guidelines states, "In the case of a Grade C violation that is associated with a high risk of new felonious conduct, . . . an upward departure may be warranted." The district court properly found that Flanders's conduct was associated with a high risk of new felonies. Since being released from prison, Flanders repeatedly engaged in lewd exposure and touching of others in public places. Moreover, the treatment program in which he was enrolled decided that it could no longer treat him because he was not complying with its rules.

2.   Flanders argues that the sentence was almost three times longer than the top of the Guidelines' range.  The Second Circuit, following the Supreme Court, has stated that courts should not use "mathematical formulas to gauge substantive unreasonableness."  Verkhoglyad, 516 F.3d at 134 (citing Gall, 552 U.S. at 47).  In Verkhoglyad, this Court affirmed a sentence for a violation of supervised release that was more than five times the upper limit of the Guidelines' five-to-eleven month term.  516 F.3d at 134.  Flanders's twenty-four month sentence is only a year and three months more than the top end of the Guidelines range.

3.   The district court's non-Guidelines sentence relied principally on protection of the public from harm. "[W]e have never held that a district court's particular reliance on one factor to justify departing from the Guidelines is suggestive of unreasonableness; we have only said that 'unjustified reliance upon any one factor' suggests unreasonableness."  United States v. Pope, 554 F.3d 240, 246 (2d Cir. 2009) (quoting United States v. Rattoballi, 452 F.3d 127, 137 (2d Cir. 2006)).  Such reliance here was justified, as Flanders's repeated conduct was clearly harmful to the public.

For the foregoing reasons, and finding no merit in Flanders's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK