**UNITED STATES of America,**
**Appellee,**

v.

**Peter PINTO, Defendant–Appellant.***

**No. 14–190–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 22, 2014.

Bruce R. Bryan, Syracuse, N.Y., for Appellant.

Liam Brennan, John W. McReynolds, Sandra S. Glover, Assistant United States Attorneys, for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: RALPH K. WINTER,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR., Circuit
Judges.

---

\* The Clerk of the Court is directed to amend

**SUMMARY ORDER**

Peter Pinto appeals from the District Court's judgment of conviction entered January 7, 2014, sentencing him principally to forty-eight months' imprisonment, following his plea of guilty to one count of conspiracy to commit wire fraud, bank fraud, and money laundering, in violation of 18 U.S.C. § 371, and one count of wire fraud, in violation of 18 U.S.C. § 1343. On appeal, Pinto argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the substantive reasonableness of a criminal sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (en banc) (quotation marks omitted). Our inquiry "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." *United States v. Gonzalez,* 529 F.3d 94, 98 (2d Cir.2008). A sentence will be set aside as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera,* 550 F.3d at 189 (quotation marks omitted).

We conclude that Pinto's sentence, which was substantially below the applicable Guidelines range, was not substantively unreasonable. *See United States v. Perez–Frias,* 636 F.3d 39, 43 (2d Cir.2011). The District Court carefully considered the § 3553(a) factors, citing, among other things, the serious nature of Pinto's fraud scheme (which caused losses in excess of $12 million) and the need for general de-

the caption of this case as set forth above.

terrence, as well as Pinto's cooperation with the Government. On this record, we cannot say that the sentence imposed by the District Court fell outside "the range of permissible decisions." *Cavera,* 550 F.3d at 189 (quotation marks omitted).

We have considered Pinto's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.