14-190-cr
United States v. Pinto

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand fourteen.

PRESENT: RALPH K. WINTER,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                     No. 14-190-cr

PETER PINTO,

*Defendant-Appellant.*[*]

------------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLANT:        Bruce R. Bryan, Syracuse, NY.

FOR APPELLEE:         Liam Brennan, John W. McReynolds, Sandra S. Glover, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Peter Pinto appeals from the District Court's judgment of conviction entered January 7, 2014, sentencing him principally to forty-eight months' imprisonment, following his plea of guilty to one count of conspiracy to commit wire fraud, bank fraud, and money laundering, in violation of 18 U.S.C. § 371, and one count of wire fraud, in violation of 18 U.S.C. § 1343. On appeal, Pinto argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the substantive reasonableness of a criminal sentence under a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted). Our inquiry "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." United States v. Gonzalez, 529 F.3d 94, 98 (2d Cir. 2008). A sentence will be set aside as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (quotation marks omitted).

2

We conclude that Pinto's sentence, which was substantially below the applicable Guidelines range, was not substantively unreasonable.  See United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011).  The District Court carefully considered the § 3553(a) factors, citing, among other things, the serious nature of Pinto's fraud scheme (which caused losses in excess of $12 million) and the need for general deterrence, as well as Pinto's cooperation with the Government.  On this record, we cannot say that the sentence imposed by the District Court fell outside "the range of permissible decisions."  Cavera, 550 F.3d at 189 (quotation marks omitted).

We have considered Pinto's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3