17-1702-cr
United States v. Diallo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                          17-1702-cr

MAMADOU HABIB DIALLO,

                     *Defendant-Appellant*.
_____

Appearing for Appellant:     John S. Wallenstein, Garden City, N.Y.

Appearing for Appellee:      Matthew Laroche, Assistant United States Attorney (Daniel B. Tehrani, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Mamadou Diallo appeals from the May 16, 2017 final judgment of the United States District Court for the Southern District of New York (Pauley, *J.*) convicting him of one count of conspiracy to export and transport stolen motor vehicles in violation of 18 U.S.C. § 371 and sentencing him principally to 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Diallo argues that his sentence is substantively unreasonable because it is longer than necessary to achieve the goals of sentencing. "We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quotation marks omitted). Substantive reasonableness "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir. 2008). We will vacate a sentence for substantive unreasonableness only if it "cannot be located within the range of permissible decisions." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (quotation marks omitted).

Diallo argues that the district court failed to adequately consider his troubled childhood, his remorse, and the consequences of removal, particularly since Diallo was granted asylum in the United States based on his political persecution in Nigeria. We disagree. The record makes clear that the district court did consider those facts but found them outweighed by the fact that Diallo engaged in a serious crime over the course of at least a year. The district court acknowledged that Diallo's sentence was likely to result in his removal but noted "that is something that [Diallo] should have been well aware of throughout his tenure in the United States." App'x at 216-17. There is no error.

We have considered the remainder of Diallo's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk