21-3031
United States v. Khan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-three.

PRESENT:
>      MICHAEL H. PARK,
>      WILLIAM J. NARDINI,
>      ALISON J. NATHAN,
>           *Circuit Judges.*

_____

United States of America,

>           *Appellee,*

>      v.                                                     21-3031

Ghalee Khan,
>           *Defendant-Appellant.*[*]

_____

| FOR DEFENDANT-APPELLANT: | John C. Meringolo, Meringolo Law, New York, NY; Clara Kalhous, New York, NY. |
| --- | --- |

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR APPELLEE:** Nicholas J. Moscow, Matthew Galeotti, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Defendant-Appellant Ghalee Khan appeals from the district court's November 10, 2021 judgment sentencing him to 109 months' imprisonment. Khan pleaded guilty to two conspiracy counts for the (1) importation and (2) distribution of five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 963, and he also pleaded guilty to failure to appear in violation of 18 U.S.C. § 3146. On appeal, Khan argues that the district court's sentence is both procedurally and substantively unreasonable based, in part, on the district court's reliance at sentencing on "a clipping from a newspaper article that [suggested] he was arrested for bringing drugs into a city in Guyana." App'x at A-113. The government agrees with Khan "that this case should be remanded for resentencing" because "the district court relied on facts that were not in the record or contained within the [Presentence Investigation Report] in the case." Appellee's Br. at 11. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We agree with the parties that the district court procedurally erred by relying at sentencing on facts outside the record. Under Federal Rule of Criminal Procedure 32(i)(1)(B), "[a]t

2

sentencing, the court . . . must give to the defendant and an attorney for the government a written summary of—or summarize in camera—any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information." Rule 32 and the Due Process Clause require "notice of all relevant information that could be used in determining [a defendant's] sentence and . . . an opportunity to make appropriate objections." *United States v. Romano*, 825 F.2d 725, 730 (2d Cir. 1987); *see also United States v. Chen Chung*, 738 F. App'x 702, 704 (2d Cir. 2017). Here, the district court relied on the newspaper clipping, which was not in the record, to conclude that Khan has a "disregard for the law" and "is a threat to the community." App'x at A-113. But the district court did not provide an opportunity for Khan or the government to review the newspaper clipping or "a written summary" thereof. Fed. R. Crim. P. 32(i)(1)(B). Moreover, it is not clear from the record whether Khan had a meaningful opportunity to object to the district court's use of the newspaper clipping during the hearing. *See* App'x at A-114 (the court reporter telling the district-court judge that "[i]t's a very bad connection. I can't hear you clearly"). "[R]esentencing is generally required if a court does not comply with the requirements of Rule 32." *United States v. Gonzalez*, 529 F.3d 94, 97 (2d Cir. 2008) (cleaned up). We agree with the parties that the district court's error constitutes plain error, so we vacate Khan's sentence and remand for de novo resentencing.

3

For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED** for resentencing.[1]  It is further **ORDERED** that the mandate shall issue forthwith. *See* Fed. R. App. P. 41(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Khan's request for reassignment to a different district-court judge on remand is denied as moot in light of Judge Johnson's passing on October 10, 2022.

4