24-1590-cr
*U.S. v. Patterson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-five.

Present:

>       EUNICE C. LEE,
>       SARAH A.L. MERRIAM,
>       MARIA ARAÚJO KAHN,
>            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>            *Appellee,*

>       v.                                                        No. 24-1590-cr

GLEN PATTERSON,

>            *Defendant-Appellant*.

_____

For Appellee:                          Benjamin Levander, Stephanie Simon, Assistant United States Attorneys, *for* Danielle R. Sassoon, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant: Darrell Fields, Assistant Federal Defender, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a June 4, 2024 judgment of revocation entered in the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Glen Patterson appeals from a judgment revoking his ten-year term of supervised release and sentencing him to eight months' imprisonment, followed by a new term of ten years of supervised release. Patterson's initial term of supervised release began in October 2016 after service of a custodial sentence of thirty-six months' imprisonment following his conviction for receipt and distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Under the terms of his supervised release, Patterson was prohibited from, among other things, having "deliberate contact with any child under 18 years of age, unless approved by the probation department" (the "no-contact condition"). App'x at 50.

On February 8, 2024, the United States Probation Office filed a violation report with one specification. The violation report alleged that in or around May 2023, Patterson violated the no-contact condition, committing a Grade C violation of supervised release by using Omegle, a web-based chat service, to deliberately seek out children between the ages of 12 and 16 to engage in chats that were sexual in nature. For this violation, the Sentencing Guidelines policy statement recommended a range of three to nine months' imprisonment, with a statutory maximum of two years' imprisonment and a life term of supervised release.

2

On March 8, 2024, Patterson appeared before the district court and admitted to the sole specification in the violation report. Sentencing was held on May 31, 2024. At sentencing, the government recommended a sentence of twelve months' imprisonment followed by ten years of supervised release. In response, defense counsel requested a non-custodial sentence with ten years of supervised release. Ultimately, the district court revoked Patterson's supervised release and imposed a sentence of eight months' imprisonment, to be followed by a new term of ten years of supervised release.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

\*          \*          \*

"All federal sentences, including those imposed for violations of supervised release, are reviewed for reasonableness." *United States v. Gonzalez*, 529 F.3d 94, 97 (2d Cir. 2008). "Our review of criminal sentences includes both procedural and substantive components," *United States v. McIntosh*, 753 F.3d 388, 393–94 (2d Cir. 2014), using "a deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018) (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008)). "As to substance, we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in

3

any particular case," and we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted).

\* \* \*

On appeal, Patterson challenges the imposition of the new ten-year term of supervised release as substantively unreasonable, contending that it is greater than necessary to serve the aims of sentencing and supervision. Patterson raises three arguments for why the term of supervised release is substantively unreasonable. First, Patterson argues that his sentence to eight months' imprisonment alone served as significant punishment and adequate deterrence. Second, he argues that the imposition of an additional ten years of supervision is "unnecessarily harsh" because it would mean that he could spend a total of seventeen years under government supervision despite not being a "hardened criminal." Appellant's Br. at 18. Last, Patterson argues that the sentence is unreasonable since during his seven-year period of supervision prior to the violation report, he remained productively employed, and there is no allegation that he was ever late to or missed a session of his sex-offender therapy. We find Patterson's arguments to be unpersuasive.

At sentencing, the district court explained that, upon consideration of the 18 U.S.C. § 3553(a) factors, as incorporated in 18 U.S.C. § 3583(e), the sentence imposed was based on the court's consideration of the nature and circumstances of the offense conduct itself, as well as the other infractions Patterson committed while on supervision, Patterson's history and characteristics, the need for deterrence and to protect the public, and Patterson's need for treatment. The imposition of the ten-year term of supervised release here was not an abuse of discretion. The

nature and circumstances of the violation conduct involved Patterson deliberately seeking out and chatting with minors "about sexual things." App'x at 86. That the violation conduct occurred while Patterson was already subject to government supervision for a child pornography conviction, and after his sentence of thirty-six months' imprisonment, supports the district court's conclusion that Patterson had not been adequately deterred by his previous period of incarceration and placement in supervision, irrespective of his ability to remain productively employed and attend required therapy sessions.

Additionally, at sentencing, the district court noted that during his first term of supervision, "there ha[d] been a lot of issues that Probation was very patient with," and despite not being violated for these issues, Patterson engaged in problematic conduct that might have violated the conditions of his release, including having contact with minors or possessing materials depicting minors in a sexual manner. *Id.* at 84. Also noteworthy was the fact that when confronted about his behavior, Patterson "struggled to see [how] the behavior was problematic," and Patterson's treating provider opined that any change in his behavior "appears to be [motivated by] fear of consequences." *Id.* at 86, 88. Given these circumstances, the district court's decision to sentence Patterson to an additional ten years of supervised release—a sentence that fell within the recommended sentence contemplated by the applicable Guidelines policy statement[1]—can be

---

[1] The Sentencing Guidelines provide that upon revocation, a court may impose a new term of supervision that "shall not exceed the term of supervised release authorized by statute for" the underlying offense. U.S.S.G. § 7B1.3(g)(2). The authorized term of supervised release for a conviction under 18 U.S.C. § 2552(A)—the underlying criminal offense here—is five years to life. 18 U.S.C. § 3583(k). Thus, that the additional term of supervised release could mean that Patterson will spend a total of 17 years under supervision, does not alone render the sentence unreasonable under our abuse of discretion standard. *Cf. United States v. Wagner–Dano*, 679 F.3d 83, 95 (2d Cir. 2012) ("[A]lthough we do not presume that a within-Guidelines sentence is substantively reasonable, in the overwhelming majority of cases, a Guidelines

"located within the range of permissible decisions."  *Cavera*, 550 F.3d at 191.  We therefore conclude that Patterson's sentence is substantively reasonable.

*        *        *

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." (internal citation and quotation marks omitted)).