19-2336-cr
United States v. Miguel Claudio

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             JOSEPH F. BIANCO,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                          19-2336-cr

MIGUEL CLAUDIO,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Jeffrey C. Kestenband, Glastonbury, CT.

Appearing for Appellee:      Brian P. Leaming, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Meyer, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Miguel Claudio appeals from the July 15, 2019 judgment of the United States District Court for the District of Connecticut (Meyer, *J.*) sentencing him to 96 months' imprisonment, followed by five years' supervised release, following his plea of guilty on two firearms charges. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Claudio was involved in a gun fight in April 2017, during which he shot two people and suffered serious injuries. He eventually pleaded guilty to two firearms charges in the multicount indictment against him: conspiracy to use and carry a firearm during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 3), and brandishing a firearm during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)((ii) (Count 4). Claudio entered into a written plea agreement, which calculated a Guidelines range of 77-96 months' imprisonment for Count Three and 84 months for the lesser-included charge of Count Four. The parties agreed "both counts should be grouped together" under Section 3D1.2 of the Sentencing Guidelines. The probation office reached a different conclusion, finding the counts could not be grouped based on its reading of Section 3D1.1(b)(1). The presentence report ("PSR") calculated the range for Count Three at 70 to 87 months' imprisonment, with a mandatory minimum of 84 months, to be served consecutively, for a range on both counts of 154-171 months. Claudio objected to the PSR's conclusion that the counts could not be grouped. The district court adopted the PSR's Guidelines calculation and sentenced Claudio to 12 months' imprisonment on Count Three, to be served consecutively to a term of 84 months' imprisonment on Count Four, for a total of 96 months.

On appeal, Claudio argues that his sentence was (1) procedurally unreasonable because the district court miscalculated the applicable sentencing range when it concluded that the sentences for both counts could not be grouped; and (2) substantively unreasonable, because the district court failed to give effect to the parties' intentions as set out in the plea agreement.

 "We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (internal quotation marks omitted). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted). Substantive reasonableness "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir. 2008). We will vacate a sentence for substantive unreasonableness only if it "cannot be located within the range of permissible decisions." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (internal quotation marks omitted).

Claudio argues that the district court committed legal error when it found the counts could not be grouped. We disagree. Count Four carries a mandatory minimum term of

imprisonment, and Section 924(c)(1)(D)(ii) provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii). Thus, the sentence for a Section 924(c) offense "must be in addition to and consecutive to the sentence for the underlying predicate offense." *Dean v. United States*, 137 S. Ct. 1170, 1174 (2017). That means that "any mandatory minimum under § 924(c) [is] to be imposed 'in addition to' the sentence for the predicate offense, and to run consecutively to that sentence." *Id.* at 1178. Additionally, the Guidelines exclude from the grouping rule "[a]ny count for which the statute (A) specifies a term of imprisonment to be imposed; and (B) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment." U.S.S.G. § 3D1.1(b)(1).

Claudio argues that because Count Three does not require the imposition of a term of imprisonment, the grouping exclusion of Guidelines Section 3D1.1 does not apply. He relies on Application Note 2, which provides in relevant part that:

> *Unless specifically instructed, subsection (b)(1) does not apply when imposing a sentence under a statute that requires the imposition of a consecutive term of imprisonment only if a term of imprisonment is imposed (i.e., the statute does not otherwise require a term of imprisonment to be imposed).* See, e.g., 18 U.S.C. § 3146 (Penalty for failure to appear); 18 U.S.C. § 924(a)(4) (regarding penalty for 18 U.S.C. § 922(q) (possession or discharge of a firearm in a school zone)); 18 U.S.C. § 1791(c) (penalty for providing or possessing a controlled substance in prison). Accordingly, the multiple count rules set out under this Part do apply to a count of conviction under this type of statute.

U.S.S.G. § 3D1.1, Application Note 2 (emphasis added). We are unpersuaded. The fact that Count Three does not require an imposition of sentence does not negate the fact that Count Four does. Read the way Claudio urges, to fall within the grouping exclusion, each count of conviction would need to require the imposition of a term of imprisonment, and nothing in the Guideline nor the application notes supports his reading.

Claudio next argues that the district court's sentence is substantively unreasonable because the district court did not accept the Guidelines range set forth by the parties in the plea agreement, because that range reflected the intentions of the parties. However, it is well established that the district court is not bound by the parties' intentions, even if they are set forth in a written plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(B) (plea agreements do "not bind the court"). The sentencing colloquy reflects that the district court considered the parties' intentions but balanced that against other factors in imposing sentence. There is no error.

We have considered the remainder of Claudio's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk