*United States v. Robertson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand twenty.

PRESENT:
  AMALYA L. KEARSE,
  JOSEPH F. BIANCO,
  STEVEN J. MENASHI,
     *Circuit Judges.*

_____

United States of America,

　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　　　　19-4057

Alvin Robertson,

　　　　　*Defendant-Appellant*.

_____


FOR APPELLEE:　　　　　　　　　　　TARA E. LEVENS (Marc H. Silverman, *on the brief*), Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT:                    TRACY HAYES, Assistant Federal Defender,
                                             *for* Terence S. Ward, Federal Defender,
                                             District of Connecticut, New Haven, CT.


    Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

    Defendant Alvin Robertson appeals from a judgment, entered on November 26, 2019, by the United States District Court for the District of Connecticut (Bolden, *J.*).   Robertson pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a), and the district court sentenced him to 120 months' imprisonment, three years' supervised release, and restitution. Robertson filed for reconsideration of the sentence, which the district court denied.   On appeal, Robertson argues that his 120-month sentence is substantively unreasonable.   In particular, Robertson does not dispute that he qualified for the career offender enhancement under the United States Sentencing Guidelines (the "Sentencing Guidelines"), but rather argues that the district court, in arriving at the sentence, did not adequately consider the Connecticut Department of Corrections's mistake regarding the release date for his 1996 prior conviction, which he claims triggered the application of that enhancement.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

    We review a district court's sentencing decisions for reasonableness under a deferential abuse-of-discretion standard.   *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). Substantive reasonableness "focuses on a district court's explanation of its sentence in light of the

2

factors contained in 18 U.S.C. § 3553(a)." *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir. 2008). A sentence is substantively unreasonable only when it "cannot be located within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted), or, in other words, is "shockingly high, shockingly low, or otherwise unsupportable," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

In the instant case, during a four-month period in 2018, Robertson robbed two Subway sandwich stores and three bank branches located inside Stop & Shop grocery stores. On May 21, 2019, pursuant to a plea agreement, Robertson pleaded guilty to one of the bank robbery offenses, while agreeing that all five of these charged robberies would be considered at sentencing by the district court. At sentencing, the district court found that Robertson was subject to the career offender enhancement under the Sentencing Guidelines and calculated his Sentencing Guidelines range to be 151 to 188 months' imprisonment. The career offender enhancement was based, in part, on the fact that one of Robertson's recent robberies—the May 30, 2018 robbery of a Subway—occurred within 15 years of his release date for his 1996 conviction for four bank robberies. *See* U.S.S.G. § 4A1.1 cmt. n.1 ("A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period."); *see also* U.S.S.G. §§ 4A1.1, 4A1.2. After considering the factors under 18 U.S.C. § 3553(a), the district court sentenced Robertson to 120 months' imprisonment, and Robertson appealed.

Although Robertson does not challenge the applicability of the career offender enhancement under the Sentencing Guidelines, and although his 120-month sentence was substantially below the applicable Sentencing Guidelines range of 151 to 188 months, Robertson

3

argues that the sentence was substantively unreasonable because the district court failed to adequately consider a mistake that he claims led to him being subject to the enhancement. More specifically, with respect to his 1996 conviction, the parties agree that Robertson should have been parole-eligible on September 12, 2003, but due to an erroneous application of Connecticut law, Robertson was calculated to be parole-eligible on December 11, 2008. Thus, Robertson argued to the district court that, had the Connecticut Department of Corrections properly calculated his parole-eligibility date for his 1996 conviction, and if he had received approximately 4 months of good time credit (which is plausible, because he actually received eight months of good-time credit for that conviction), he would have been released in mid-May 2003, *i.e.*, more than 15 years before the commencement of the relevant conduct in this case, and would not have been subject to the career offender enhancement. Without that enhancement, his Guidelines range would have been 57 to 71 months' imprisonment rather than 151 to 188 months and thus, according to Robertson, those circumstances regarding the 1996 conviction rendered his 120-month sentence substantively unreasonable. We disagree.

It is clear from the record that not only was the district court aware of Robertson's argument regarding the circumstances that led to the application of the career offender enhancement, but also that the district court explicitly stated multiple times during the sentencing that it was taking that fact into consideration in determining the appropriate sentence. *See* Joint App'x at 98 ("I do recognize that in your particular circumstances it is a slight quirk of time. . . . As a result, you end up in career offender status, which certainly substantially increases the likelihood of your [receiving a long] sentence. So I do want to think about and take that into consideration."); Joint App'x at 104 (noting, while stating the sentence, that the court "[took] into consideration . . . the

4

issues [defense counsel] has raised about the questions about how [Robertson] ended up in career offender status"); *see also* Joint App'x at 120 (denying Robertson's motion to reconsider the sentence and noting that the court "thought 120 was an appropriate sentence that certainly took into consideration the issues that [defense counsel] had raised regarding the career enhancement"). Notwithstanding its careful consideration of that issue, the district court explained that the 120-month sentence was necessary, based upon, among other things, the nature of the crime, particularly, the "serious threats to public safety," Joint App'x at 94, as well as the need to provide "adequate deterrence" and have the sentence reflect "the impact that [these] crimes have had on individuals," Joint App'x at 97. The district court emphasized the "terror that these workers must have felt and experienced," Joint App'x at 95, and "the impact that [such a robbery] has on society" in terms of "how people begin to lose faith in their ability to do something as simple as go to a store or work at a store and not feel that their lives are in danger," Joint App'x at 97. The district court further noted Robertson's "extensive criminal history." Joint App'x at 98.

We conclude that 120 months' imprisonment is not an unreasonably high sentence for a defendant who has committed five recent robberies, especially where the defendant has already been convicted on multiple occasions for conduct similar to that at issue in this case. The district court adopted and relied upon the presentence report, which is replete with evidence of Robertson's prior criminal conduct, including robbery convictions in 1991 (two counts), 1996 (four counts), 2009 (one count), as well as the five robberies that led to his arrest in the instant case. Additionally, the circumstances surrounding his career offender enhancement do not impact the substantive reasonableness of the district court's determination. In fact, the 15-year window for consideration of certain prior convictions under the Sentencing Guidelines seeks to measure the

5

likelihood of recidivism based upon how soon after the defendant's release date the defendant returned to criminal activity. *See generally United States v. Campbell*, 967 F.2d 20, 24 (2d Cir. 1992) ("The criminal history category principally estimates the likelihood of recidivism."). Thus, the fact that the defendant's release on the 1996 conviction may have been delayed by a mistaken parole calculation does not undermine in any way the substantial concern about the safety of the community prompted by his return to committing robberies within 15 years of that release date, and the district court was well within its discretion in continuing to assess dangerousness and the need for deterrence in fashioning the appropriate sentence under those circumstances. In short, it is plain from the record that the district court meaningfully considered the events that led to Robertson's qualification as a career offender in rendering its sentence as well as other mitigating factors raised by Robertson, and we will not second-guess the weight afforded to those considerations where, as here, the overall sentence was reasonable. *See United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006) ("The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

*          *          *

We have considered all of Robertson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6